94

Commonwealth ex rel. Meta, Appellant, *v.* Cinello.

Argued April 15, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Carl Blanchfield,* for appellant.

*Saul Davis,* for appellee.

OPINION PER CURIAM, June 12, 1970:

Appellant sought visitation rights with a child who was living with its mother, appellant's former wife, and

for whom he had provided support since 1966. The mother objected to such visitation on the ground that the child, although born during her marriage to appellant, was actually the son of her second husband, with whom she was then living. The court ordered the parties to submit to a blood test to determine paternity under the Uniform Act on Blood Tests to Determine Paternity, Act of July 13, 1961, P. L. 587, 28 P.S. §307.1 et seq. See in this regard, President Judge WRIGHT'S opinion, *Commonwealth ex rel. Hall v. Hall,* 215 Pa. Superior Ct. 24, 257 A. 2d 269 (1969). The husband refused to submit to such test. As a result, the lower court denied visitation to the child, although it made no finding as to paternity.

Our review of the record reveals that appellant was denied visitation rights because of his refusal to submit to the blood test. The lower court's opinion, while stating that it relied on evidence other than the refusal, mentions only this factor.

A father may not be deprived of visitation rights with his child unless such visits will be detrimental to the best interest of the child. *Commonwealth ex rel. Lotz v. Lotz,* 188 Pa. Superior Ct. 241, 146 A. 2d 362 (1958), aff'd 396 Pa. 287, 152 A. 2d 663 (1959). There is nothing in the lower court's opinion which indicates that appellant's visits are so deterimental. In the absence of such a finding or a finding that appellant was not the father, the lower court erred in denying visitation rights to appellant.

The order of the lower court is reversed and the record is remanded to determine whether suitable visitation rights should be accorded appellant.

CERCONE, J., dissents.