Friedman *v.* Friedman, Appellant.

Habeas corpus for custody of minor children. Before BROSKY, J.

*Lois J. McKee,* with her *Ruth F. Cooper,* for appellant.

*June S. Schulberg,* for appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

Appellant is before this Court on an appeal from the lower court's order awarding custody of minor children, a family car and other personal effects to the appellee.

Morton H. Friedman, the appellee, and Stephanie Friedman, the appellant, are husband and wife and the parents of two minor children. For several years the parties resided in Morgantown, West Virginia. Because of ongoing domestic difficulties, appellant left the marital domicile. On May 23, 1972, appellant and her children moved to Pittsburgh, Pennsylvania, where she acquired an apartment and enrolled her children in the public schools.

On January 25, 1972, appellant had instituted a divorce action in the Circuit Court of Monongahela County, West Virginia. Mike Magro, Jr., Esquire, entered an appearance as the attorney for appellant and notified the Court that he would accept service of process of all subsequent papers. Answer was filed on February 3, 1972. Thereafter, appellee filed a Petition for Custody of the minor children, as well as transfer of certain personalty into his possession. Notice of hearing on said Petition was delivered to the attorney for the appellant on May 24, 1972. Her attorney immediately notified the Court that he had withdrawn from the case and on that date wrote appellant advising her of that fact and of the scheduled hearing. Formal withdrawal of appearance was never made.

On June 1, 1972, the West Virginia court held a hearing on the Complaint and Petition. No one appeared in court on behalf of appellant. Nevertheless, after hearing testimony from the appellee, the Court entered an Order awarding temporary custody of the minor children to the appellee, and awarding him the family automobile, household effects and other personalty.

On July 10, 1972, a Petition for Writ of Habeas Corpus for Custody was presented to the Court of Common Pleas of Allegheny County, Pennsylvania, Family Division. On that date, a Rule was issued upon Lois J. McKee, Esquire, attorney for appellant, to show cause why the order of the West Virginia court should not be enforced. Appellant alleges that she was never personally served with said Petition and Rule, and that counsel had not at that time entered an appearance on behalf of appellant. Nevertheless, on July 17, 1972, appellant appeared for a hearing before Judge BROSKY, who refused to give appellant a continuance to answer appellee's petition.

By an Order dated July 17, 1972, the lower court ordered appellant to deliver custody of her minor children, possession of certain personalty and a motor vehicle to the appellee. The Allegheny County court ruled that the decree issued by the West Virginia court was entitled to full faith and credit, and determined that the case could not be heard on its merits. An appeal to this Court followed.

Generally, a decree of a court of competent jurisdiction awarding the custody of a child, domiciled in that state, is conclusive of the status of the child. By virtue of the Full Faith and Credit Clause, it will be enforced in other states. This majority view is rejected by the courts of Pennsylvania. The leading case is *Commonwealth ex rel. Rogers v. Daven*, 298 Pa. 416, 148 A. 524

(1930). There a Pennsylvania resident moved with her husband to North Carolina. After a separation, and at the instance of the father, the Juvenile Court of Buncombe County, N.C., placed the children in a boarding house for their care. A short time later, ignoring the ruling of the Court, the mother took the two children and brought them to Philadelphia, where they thereafter resided with her aunt. A writ of Habeas Corpus was filed in the Municipal Court of Philadelphia by a representative of the Juvenile Court. The Municipal Court ruled that the North Carolina decree had to be enforced by virtue of the Full Faith and Credit Clause, and it removed the children to the Juvenile Court of North Carolina. On appeal, our Court, at 96 Pa. Superior Ct. 556 (1929), affirmed the action of the Municipal Court, with strong dissents by Judges KELLER and CUNNINGHAM. The Pennsylvania Supreme Court reversed with directions that the Municipal Court rehear the case upon its merits and make such disposition as would be in the best interests and welfare of the children. Our Supreme Court at p. 422 stated:

"There are authorities . . . which hold that the award of the custody of children in one jurisdiction cannot be properly changed in another except on proof of changed conditions and that the burden of proof as to the latter rests upon the one who is seeking a change of custody. . . . This is not consistent, however, with the principle on which the leading cases rest, viz: that, whenever a court is called upon to award the custody of a child, the guiding star is its welfare. *And the court where the matter is pending must decide that grave question on its own best judgment, unfettered, but not necessarily uninfluenced by a prior adjudication.*

"In our opinion, the true view of the question is that where the custody of a child has been passed upon by

the proper court in one jurisdiction who has heard the case and made an adjudication incorporating therein certain findings of facts, the facts so found should, as to the parties participating therein be treated as established and not open to question in another jurisdiction, especially where the parties so appearing neglected to avail themselves of the statutory right of appeal. *Upon those facts and any others that may be presented, the court, where the matter is again brought up, must determine the ultimate question of the best interests of the child. Whether the same conclusion should be reached, even on the same facts, depends on the judgment of the court re-hearing the case.*" (Emphasis added)

In an opinion written by Judge WATKINS, our Court reaffirmed the view that the courts of Pennsylvania are not bound by orders of custody or support by a foreign court with respect to minor children under their jurisdiction. *Irizarry Appeal*, 195 Pa. Superior Ct. 104, 169 A. 2d 307 (1961). At p. 108 we held that "because the welfare of the child is a paramount consideration, and because decrees of custody are temporary in nature and subject to modification by changing conditions, [a Pennsylvania Court may] determine custody on the present facts and may even exercise its independent judgment on the same facts that determined the foreign state's order." (Citations omitted). See also, *Proctor v. Proctor*, 213 Pa. Superior Ct. 171, 245 A. 2d 684 (1968).

The Supreme Court of the United States has given support to the view taken by our courts towards custody decrees of sister states. *Estin v. Estin*, 334 U.S. 541 (1948); *People of the State of New York ex rel. Halvey v. Halvey*, 330 U.S. 610 (1947).

We view this to be the law of this Commonwealth and applicable to the instant case. Unlike other judg-

ments or decrees, an order of custody is a unique and delicate matter. It is never final, but is considered temporary in nature, subject to constant review and modification. Because the State has a duty to protect the children's best interests and welfare, it may always entertain an application for modification and adjustment of custodial rights. This right to oversee the interests of children within this Commonwealth is of paramount importance. We may therefore make an independent judgment based on the facts presented by the parties in determining which parent is better suited to have the custody of the minor children. This right of review not only encompasses the weighing of new facts, but extends to those facts established in the court of a sister state.[1]

---

[1] Appellant rightfully contends that on a rehearing the Allegheny County court need not give any weight to facts determined or introduced in the West Virginia proceeding. Although the procedural history of this case is somewhat unclear, it is a fact that neither appellant nor her attorney were present at the original hearing. Attorney for appellant submitted a letter to the Court asking to be withdrawn from the case. It was on reliance that his appearance had been withdrawn that he did not attend. Counsel also sent a letter dated May 24, 1972 to the West Virginia address of the appellant informing her of his intention to withdraw from the case and as to the date of the hearing. One day before the letter was written, appellant had moved to Pittsburgh. Appellant claims she did not receive notice of the scheduled hearing, and in fact did not become aware of the West Virginia proceeding until after the Allegheny County judge read the decree to her on July 17, 1972. Under the peculiar facts of this case, we do not believe that appellant was afforded due process of law. *Wiley v. Woods*, 393 Pa. 341, 141 A. 2d 844 (1958). She neither had notice of the hearing in West Virginia nor did she have an opportunity to be heard on the allegations made by her husband. As we must be ever mindful that the legal battles of the parties are dwarfed by the paramount interest in the welfare of the children, we cannot conclude that the West Virginia decree had any effect whatsoever. In rehearing the matter of custody, the Allegheny Court may consider all the facts and evidence anew.

536

We, therefore, remand the cause to the lower court for a hearing on the merits to determine to whom the custody of the minor children should be entrusted.[2]

[2] Appellee instituted the Allegheny County proceeding by a Writ of Habeas Corpus in the form of a Petition. As part of that writ, appellee sought to obtain possession of the family automobile and other personalty awarded to him by the West Virginia decree.

From time immemorial, the courts have permitted the use of the Writ in only exceptional cases, where all other remedies are ineffectual or nonexistent. It has never been utilized except by one who claims a right to the custody of a *person* restrained or taken from him. *Commonwealth ex rel. Bryant v. Hendrick*, 444 Pa. 83, 280 A. 2d 110 (1971) ; *Holsey v. Trevillo*, 6 Watts 402 (1837). The lower court had no authority to grant appellee relief with respect to personalty on the basis of his Petition.