Commonwealth ex rel. Sorace *v.* Sorace, Appellant.

Argued June 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Earl J. Patterson*, with him *Caine, Di Pasqua, Edelson & Patterson*, for appellant.

*Joseph P. Mylotte*, with him *Alvin S. Ackerman*, and *Ackerman and Mylotte*, for appellee.

OPINION BY HOFFMAN, J., September 22, 1975:

Appellant contends that it is an abuse of discretion for a court to grant visitation rights to a parent involved in a meretricious relationship.

The parties were married on December 27, 1958, and have four children: three daughters, ages 8 to 15, and a son, age 14. The parties separated in March, 1973, and since that time, appellee and his son have lived with appellee's paramour, Betty Gordon. On October 31, 1974, a female child was born to the appellee and Ms. Gordon. On September 11, 1974, appellee instituted proceedings

to gain temporary custody of his three daughters. An order was issued on January 20, 1975, which permitted the appellee temporary custody of the three daughters, without overnight visitation privileges, on the first and third weekends of every month from 9:00 A.M. to 9:00 P.M. on Saturdays and Sundays, on Christmas Eve between 7:00 P.M. and 11:00 P.M., and on New Years Day and Thanksgiving Day between 9:00 A.M. and 5:00 P.M. Further, the order provides that appellee ". . . shall consider the wishes and desires of the children as to where he takes them and with whom they visit." This appeal followed.

In *Commonwealth ex rel. Lotz v. Lotz,* 188 Pa. Superior Ct. 241, 246, 146 A. 2d 362, 364 (1958), we stated: "[v]isitation rights of a parent not in custody have long been a matter of concern to the law of this Commonwealth. They must be carefully guarded for when parents are separated and custody is placed in one of the parents, there exists a danger that the parent having custody of the child may use his or her advantageous position to alienate the other parent from the affections of the child." We further noted that it is against public policy to limit or destroy the relationship of parent to child. *Commonwealth ex rel. Lotz v. Lotz, supra.*

A father may not be denied visitation rights with his children unless such visits will be detrimental to the best interests of the children. *Commonwealth ex rel. Meta v. Cinello,* 217 Pa. Superior Ct. 94, 268 A. 2d 135 (1970). "A parent has seldom been denied the right of visitation. The cases in which visitation rights of a parent have been limited or denied have been those in which *severe* mental or moral deficiencies of the parent have constituted a real and grave threat to the welfare of the child." *Commonwealth ex rel. Lotz v. Lotz, supra* at 244, 146 A.2d at 363. (Emphasis added.)

While it is true that the appellee is living in an extra-marital relationship, the lower court found that his home

is normal and morally satisfactory in every other respect. The only immorality in question is, therefore, the relationship itself. While we do not condone the relationship in which the appellee is living, we are unable to hold that this relationship alone amounts to "severe moral deficiencies" so as to deny or limit appellee's visitation rights. Rather, we believe that the instant case presents unusual circumstances analogous to *Commonwealth ex rel. Staunton v. Austin*, 209 Pa. Superior Ct. 187, 223 A. 2d 892 (1966). In *Staunton*, the appellant sought custody of a four-year-old child on several grounds, including the immorality of the appellee. Although the appellee was involved in an extramarital relationship, we did not deprive the appellee of the custody of her child. Instead we noted the duration of the relationship, the cohesive force of the family unit, and the probability of normal and satisfactory family life to grant custody to the appellee. Similar circumstances exist in the instant case.

Appellant concedes that the appellee is a competent, loving father, who is sincerely interested in the welfare of his children. The lower court stated that Ms. Gordon impressed it with her demeanor, levelheadedness and maternal ability. She has been able to handle the appellee's son, a problem child until moving in with the appellee, with mutual affection. Further, the relationship between the appellee and Ms. Gordon is not a trifling one. Cf. *Commonwealth ex rel. Gervasio v. Gervasio*, 188 Pa. Superior Ct. 95, 145 A. 2d 732 (1958). Not only have they lived together for over two years, but they have also taken the responsibility of raising appellee's son and of having a child of their own. Further, appellee plans to marry Ms. Gordon as soon as a divorce is obtained. Finally, it is clear from the record that the children are fully aware of the circumstances under which the appellee is living. It is difficult to perceive how mere visi-

46

tation at the appellee's present home will further endanger the well-being of the children.[1]

Order affirmed.

WATKINS, P.J., dissents.

1. In this regard, it should be noted that the lower court's order mandates that the appellee consider the children's desires as to where he takes them.