390 A.2d 1331

Richard J. SCARLETT, Appellee,

v.

Trudy D. SCARLETT, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 15, 1977.

Decided July 12, 1978.

Charles J. Weiss, Ambler, for appellant.

Albert C. Oehrle, Norristown, submitted a brief for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is an appeal from an order awarding custody of Amy Scarlett, who is now 3 and one half years old, to her father, with visitation to her mother. The only contention raised by the mother on appeal is that the lower court erred in too severely limiting her hours of visitation.

The father and mother, Richard and Trudy Scarlett, were married in 1971. They bought a farm in Montgomery County and established a riding school there where they both worked seven days a week. Amy was born in November 1974. In the summer of 1975 Kim Raffensburger came to live with the Scarletts and to work at the school as a riding counselor. The mother and Kim began a lesbian relationship. In August 1976 the mother told her husband about her relationship with Kim, expressing great confusion about how to resolve it. The father took Amy to the Poconos for a vacation, and the mother went to Maine with Kim. After two weeks in Maine, the mother decided to end her sexual relationship with Kim and come back "[t]o get back with my daughter." N.T. 118. She subsequently returned to Pennsylvania and began visiting Amy on the farm on weekday afternoons; she also took Amy with her to her apartment on one weekend.

Following a hearing on the mother's custody petition, the lower court awarded custody to the father with visitation to the mother on alternate weekends, alternate Monday afternoons, and on Christmas day. The mother does not challenge the award of custody but contends that she should be allowed visitation every weekend, every afternoon, alternate holidays, and for one month during the summer; she also contends that the lower court should be ordered to remove from its opinion the admonition that she refrain "from exposing Amy to any improper influences, particularly her lesbian lover." Lower court opinion at 3.

■ The scope of review of this court in a child custody case is of the broadest type. *Commonwealth ex rel. Holschuh v. Holland-Moritz,* 448 Pa. 437, 292 A.2d 380 (1972). "In a child custody case the hearing judge's inquiry should be comprehensive and searching, and his decision supported by a full discussion of the evidence. *Gunter v. Gunter,* 240 Pa.Super. 382, 361 A.2d 307 (1976); *Commonwealth ex rel. Grillo v. Shuster,* 226 Pa.Super. 229, 312 A.2d 58 (1973). Where the hearing judge has failed to comply with these requirements, we have not hesitated to remand. *Id.,* Where, however, the hearing judge has complied with these requirements, we have consistently held that we must defer to his findings. *Commonwealth ex rel. Tobias v. Tobias,* 248 Pa.Super. 168, 374 A.2d 1372 (1977) ("absent an abuse of discretion, his decision will not be reversed"); *In the Interest of Clouse,* 244 Pa.Super. 396, 368 A.2d 780 (1976) ("we must defer to his findings"); *Clair Appeal,* 219 Pa.Super. 436, 281 A.2d 726 (1971) ("must always give great weight to [judge's] discretion"); *Commonwealth ex rel. Dinsmore v. Dinsmore,* 198 Pa.Super. 480, 182 A.2d 66 (1966) ("should give great weight to the opinion of the hearing judge . . . [who] is in a much better position . . . ')." *Commonwealth ex rel. Schall v. Schall,* 251 Pa.Super. 262, 264, 380 A.2d 478, 479 (1977).

However, "[a]lthough we will not nullify the fact-finding function of the hearing judge, we are not bound by deductions or inferences made by the lower court from the facts as found. *Commonwealth ex rel. Bowser v. Bowser,* 224 Pa.Super. 1, 302 A.2d 450 (1973); *Commonwealth ex rel. Gifford v. Miller,* 213 Pa.Super. 269, 248 A.2d 63 (1968). We need not accept a finding which has no competent evidence to support it, but are instead required to make an independent judgment based on the evidence and testimony, and make such order on the merits of the case as to do right justice. *Commonwealth ex rel. Morales v. Morales,* 222 Pa.Super. 373, 294 A.2d 782 (1972); *Commonwealth ex rel. Johnson v. Pinder,* 217 Pa.Super. 180, 269 A.2d 511 (1970)." *Commonwealth ex rel. Ulmer v. Ulmer,* 231 Pa.Super. 144, 147, 331 A.2d 665, 667 (1974).

■■ It is well-settled that the paramount concern in a custody dispute between parents is the best interest of the child. *Commonwealth ex rel. Parikh v. Parikh,* 449 Pa. 105, 107–8, 296 A.2d 625, 627 (1972); *Cochran Appeal,* 394 Pa. 162, 145 A.2d 857 (1958); *Commonwealth ex rel. Graham v. Grham,* 367 Pa. 553, 80 A.2d 829 (1951); *Commonwealth ex rel. Grillo v. Shuster, supra.* Visitation, however, has been limited or denied only where a parent has been shown to suffer from severe mental or moral deficiencies that constituted a grave threat to the child. *Commonwealth ex rel. Peterson v. Hayes,* 252 Pa.Super. 487, 381 A.2d 1311 (1977). *Commonwealth ex rel. Lotz v. Lotz,* 188 Pa.Super. 241, 146 A.2d 362 (1958). *See also, Commonwealth ex rel. Heston v. Heston,* 173 Pa.Super. 260, 98 A.2d 477 (1953); *Leonard v. Leonard,* 173 Pa.Super. 424, 98 A.2d 638 (1953). "Visitation has been granted parents who have ignored their children for a long period of time, *Commonwealth ex rel. Turner v. Strange,* 179 Pa.Super. 83, 115 A.2d 885 (1955); *Commonwealth ex rel. Boschert v. Cook,* 122 Pa.Super. 397, 186 A. 229 (1936), who have failed to support their children, *Scott v. Scott,* 240 Pa.Super. 65, 368 A.2d 288 (1976); *Commonwealth ex rel. Lotz v. Lotz, supra,* who have engaged in marital misconduct or who have lived with lovers, *Commonwealth ex rel. Sorace v. Sorace,* 236 Pa.Super. 42, 344 A.2d 553 (1975); *Commonwealth ex rel. McNamee v. Jackson,* 183 Pa.Super. 522, 132 A.2d 396 (1957), and even to parents whose children did not want to see them, *Fernald v. Fernald,* 224 Pa.Super. 93, 302 A.2d 470 (1973); *Commonwealth ex rel. Turner v. Strange, supra.*" *Commonwealth ex rel. Peterson v. Hayes, supra,* 252 Pa.Super. at 490, 381 A.2d at 1313.

Here, the father testified that he has hired a Mrs. Burke to take care of Amy on weekdays from 8:30 a. m. to 1:30 p. m. Since the father gives riding lessons in the afternoons, before she leaves Mrs. Burke often takes Amy to her grandparents, who live nearby. The father also testified that since weekends are especially busy on the farm, Amy does not spend her weekends there but alternates between the homes of her two sets of grandparents. Thus, since she was

born Amy has spent almost all her weekends with her grandparents. N.T. 58–59.

In limiting the mother's right to visit Amy to alternate weekends, and in refusing her request to be allowed to visit Amy every weekend, the lower court stated that it was acting "to allow plaintiff [the father] the opportunity to be with the child when his schedule was not as heavy as through the weekdays, or to take her away for some weekends if he could arrange them." Lower Court Opinion at 3.

■ We recognize that in matters such as the hours of a visitation, great deference should be given to the hearing judge, who is in a better position than we to assess the particular circumstances. However, we must also recognize that to fulfil our own responsibility, we should not accept a finding that is not supported, or is contradicted, by the record. Here, the lower court's denial of weekend visits to the mother depends upon the court's finding that the father would have more time to spend with Amy on weekends than during the week, that is, that the father would be able to take "the opportunity" afforded by the court to have Amy with him on alternate weekends, when she is not with her mother. All the evidence, however, is that the father never has been able to take such an opportunity and will not be able to do so now, but will instead send Amy over to her grandparents. In short, there is no reason disclosed of record why the mother should not be able to visit Amy every weekend, instead of only on alternate weekends.

In all respects except this one, however, we shall defer to the lower court's order. Even in this one respect we note that a visitation order, like a custody order, is temporary in nature. Therefore, if at any time the father finds that his circumstances have changed so that a change in the visitation schedule would be warranted, he may petition the lower court to effect the change.

The case is remanded for the entry of a visitation order consistent with this opinion.

474

JACOBS, President Judge, and VAN der VOORT, J., dissent.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.