397 A.2d 809

**In the Matter of the Custody of two minor children, Stanley STRAPPLE, Appellant,**

v.

**Irene STRAPPLE.**

Superior Court of Pennsylvania.

Submitted April 10, 1978.

Decided Feb. 7, 1979.

James R. DiFrancesco, Johnstown, for appellant.

No appearance entered nor brief filed for appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

This is an appeal by the father of two minor children from an order of the lower court dated February 2, 1976 placing

care, custody, and control of the two children, along with an older adopted son, with the mother. No provision was made for any visitation rights or partial custody rights to the father.

The husband and wife married May 5, 1962. One child, Stephen, was born June 17, 1963, and a second, Jeffrey, was born July 2, 1965. Mrs. Strapple has a third child, Chris, by an earlier marriage, born in 1959, and adopted by Stanley Strapple a year or so after the date of his marriage to Irene.

Husband and wife separated in April 1975, and the wife took over custody of all three children.

The husband filed a Petition for Habeas Corpus on April 30, 1975, but apparently no formal hearing took place on the petition until December 1, and December 23, 1975.

In the meanwhile husband and wife had worked out an arrangement, which lasted until August 1975, by which the wife would have custody of all three children in her home from Monday nights to Friday, each week, with the husband coming in and she moving out from Friday nights to Monday.

From August 1975 to December 1975, due principally to complaints by the two youngest boys of mistreatment by their older half-brother, the husband took them into his custody at his (and his parents') home.

On December 1, 1975 the court heard the testimony of the husband only, continued the hearing until December 23, 1975 and in the interim awarded custody of all three children to the wife.

On December 23, 1975 the court heard the testimony of the three children, the wife, and a friend of the wife, and made an order continuing the order of December 1, 1975 to January 30, 1976, giving the father week-end visitation privileges from Friday 5:00 P. M. to Sunday 9:00 P. M., and directing the Cambria County Childrens' Services to provide a report as to "the status and condition of the Strapple home in Nanty Glo."

On February 2, 1976 without further testimony and without a report from Childrens' Services, the court made another order placing the care, custody and control of all three children with the wife. No visitation rights were granted to the husband.

The Reproduced Record does not clearly so establish, but the husband appears to have appealed from the Order of February 2, 1976. The Lower Court, Judge O'Kicki, has filed no opinion sustaining his Order.*

The wife-appellee has filed no brief.

We believe that this case must be remanded to the lower court so that the hearing judge may file in this custody case "a comprehensive opinion reflecting a thorough analysis of the record as a whole and specifying the reasons for the ultimate decision." *Commonwealth ex rel. Grillo v. Shuster*, 226 Pa.Super. 229, 237, 312 A.2d 58, 63 (1973). See also *Tobias v. Tobias*, 248 Pa.Super. 168, 172, 374 A.2d 1372 (1977); *Commonwealth ex rel. Veihdeffer v. Veihdeffer*, 235 Pa.Super. 447, 449, 344 A.2d 613 (1975); *Gunter v. Gunter*, 240 Pa.Super. 382, 361 A.2d 307 (1976); *Sweeney v. Sweeney*, 241 Pa.Super. 235, 239, 361 A.2d 302 (1976).

We point out these errors in the order of February 2, 1976:

1. The order awards custody of all three children to the wife; the husband's petition asked for custody only as to the two younger children.

2. The order of February 2, 1976 makes no reference to visitation rights of the husband.

There is no evidence in the record provided to us which would indicate that the character and general living circum-

---

* It appears from a petition filed in the lower court by appellant on April 20, 1977 that the parties were divorced on March 24, 1976; that the husband agreed to pay support for the three children; that he had been adjudged in contempt of court for reasons not stated in the petition; that he had not been permitted to visit his children since August 1976. So far as we can tell that Petition has not yet been disposed of. A petition dated July 22, 1977 asking for a hearing to determine the custody of Stephen and Jeffrey was dismissed by order dated July 27, 1977 because this present appeal is still pending.

stances of the wife or husband are such that it *would not* be in the best interests of the children to place custody with either parent.

The two boys expressed personal preferences to go with their father. While these personal preferences certainly cannot control the judge's disposition of the case, *Tomlinson v. Tomlinson*, 248 Pa.Super. 196, 203, 374 A.2d 1386 (1977), they reinforce the argument of the father that, if he is denied their custody, he should be granted reasonable visitation rights or partial custody. *Scott v. Scott*, 240 Pa.Super. 65, 368 A.2d 288 (1976).

Our Court has stated that "a father may not be deprived of visitation rights with his child unless such visits will be detrimental to the best interest of the child". *Commonwealth ex rel. Meta v. Cinello*, 217 Pa.Super. 94, 95, 268 A.2d 135, 136 (1970); citing *Commonwealth ex rel. Lotz v. Lotz*, 188 Pa.Super. 241, 146 A.2d 362 (1958). See also *Sweeney v. Sweeney*, 241 Pa.Super. 235, 239, 361 A.2d 302 (1976).

The Order of February 2, 1976 is vacated and this case is remanded for further proceedings consistent with this Opinion.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.