403 A.2d 115

**Edward J. WICK and Verna Z. Wick and Thomas R. Wick and Linda Wick, Appellants,**

**v.**

**Deborah Anne WICK.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1978.

Decided May 11, 1979.

Rehearing Denied July 19, 1979.

Joseph Lonergan, Norristown, for appellants.

Mark E. Weand, Jr., Ambler, for appellee.

Before VAN der VOORT, WATKINS and MONTGOM-ERY, JJ.

VAN der VOORT, Judge:

This case is before us on appeal by an aunt and uncle and the grandparents of a minor child, Richard Wick, from an order of the lower court vacating a prior order which had granted appellants visitation rights. Appellants argue that the failure of the appellee-mother (the person having custody of Richard Wick) to appeal the earlier visitation order should have precluded her from relitigating appellants' visitation rights in a second proceeding, or at least should have required her to show a substantial change in circumstances affecting the child's welfare. Appellants further argue that the lower court erred in its assumption that it could not order that grandparents, aunts and uncles be granted visitation rights. We affirm the order of the lower court.

The paramount concern in any case involving visitation must always be the welfare and best interests of the child. *Spells v. Spells,* 250 Pa.Super. 168, 378 A.2d 879 (1977); *Gwiszcz Appeal,* 206 Pa.Super. 397, 213 A.2d 155 (1965). With this in mind, it would be inappropriate for us to find that the mother in the case before us is barred from seeking a change in visitation, simply because she failed to appeal an order which she at first agreed to thinking the order at the time to be in the best interests of the child. The person having custody of a child should be permitted access to the courts whenever necessary to protect the child's welfare.

Appellants have cited no cases to convince us that grandparents and aunts and uncles have a *right* to visit with a child. From our review of the notes of testimony of the hearing in the lower court, it appears that the lower court judge was thoroughly familiar with the facts of the case, and attempted to convince the mother that it would be in the child's best interests to be permitted to visit with the grandparents. The mother was willing to agree to visitation with the grandparents only; however, the grandparents would not stipulate that the aunt and uncle would not be present during such visits. Although the judge offered to listen to testimony, all parties declined to present any. Under the circumstances, we feel that the trial court acted

in the best interests of the child. Hopefully, bad feelings will cease to exist between the parties, for that certainly would be in the child's best interests. Since we cannot *order* such a result, the child's best interests will be furthered by denying visitation to appellants.

Order affirmed.