405 A.2d 1284

**COMMONWEALTH ex rel. Dolores J. STOYKO**

v.

**Michael STOYKO.**

**Appeal of Dolores J. STOYKO.**

Superior Court of Pennsylvania.

Argued April 10, 1979.

Decided June 13, 1979.

Frederick W. Heintz, Jr., Uniontown, for appellant.

Lynne N. Crenney, Uniontown, for appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

PER CURIAM:

Custody of Michael Stoyko, age 13, had been awarded to his father, the respondent, with visitation rights granted to his mother, petitioner. The parents are divorced. The mother retains custody of a younger son.

The present appeal is from the denial of the mother's petition to enforce her visitation rights. The reason assigned by the lower court for its action is stated in its opinion as "Michael is resentful and fearful of his mother because of her past behavior and that he does not wish to visit her." However, the record before us does not contain any findings as to the causes of his resentment and fear, or, if sufficient causes did exist in the past, whether they still persist at the present time.

This delicate and difficult subject is not novel. In *Commonwealth ex rel. Grillo v. Shuster*, 226 Pa.Super. 229, 312

A.2d 58 (1973), Judge Spaeth, in an exhaustive opinion, pointed out that the trial of a custody case is likely to become an exploration of the mother's past conduct to show she is unfit to care for the child, but that past conduct may be forgiven and custody must be determined on the basis of facts existing at the time of the hearing. The same statement is certainly applicable to visitation privileges as well.

The feelings of the child should be taken into consideration; however, the stubborn refusal of the child not to see his mother should not be allowed to destroy a parent's visitation rights unless some good reason can be shown for the child's attitude. To determine whether the child is justified in his behavior, an exploration should be made into the mother's past and present to decide whether the causes for the child's fear and resentment had ever existed or have since vanished.

The order denying the appellant's petition is reversed, and the case remanded for further hearing, and a comprehensive opinion reflecting an analysis of the record, and specifying the reasons for the ultimate decision.