435 A.2d 219

**In re Yvette STUCK and Ashleigh Stuck.**

**Appeal of Patricia E. STUCK.**

Superior Court of Pennsylvania.

Argued June 23, 1981.

Filed Sept. 25, 1981.

Judy Shopp Smith, Harrisburg, for appellant.

Jay R. Braderman, Harrisburg, for appellee.

Before PRICE, JOHNSON and SHERTZ, JJ.

SHERTZ, Judge:

This is an appeal from an Order expanding the parental visitation rights of Appellee, Joseph A. Stuck, with his two minor daughters. The lower court concluded that the best interests of the children would be served by allowing Appellee to spend additional time with them. We agree and therefore affirm.

Patricia E. Stuck, Appellant, and Joseph A. Stuck, who are divorced, are the natural parents of Yvette and Ashleigh Stuck.[1] On May 17, 1979, the Court of Common Pleas of Dauphin County entered an Order awarding custody of the children to the mother and granting custodial visitation to the father. Neither parent took an appeal from the Order.

Thereafter, Appellee petitioned the court for an expansion of his visitation rights. Two hearings were held during which both parents, three psychologists, the paternal grandmother, and two neighbors testified. The testimony centered around the present and future emotional and psychological well-being of Yvette and Ashleigh.

The hearing judge also interviewed Yvette in chambers in the presence of counsel. Her testimony, which was transcribed and is part of the record, revealed that she preferred to have no contact with her father and objected to visiting him at all. There was testimony that Ashleigh, too, had begun to express objections to visiting her father.

After evaluating all the testimony, the hearing judge issued an Order on April 7, 1980, which slightly expanded Appellee's visitation rights by adding, *inter alia*, a weekly three-hour weeknight visitation and an extra week during the summer. In his Opinion in support of the Order, the

1. At the time of the hearing, Yvette and Ashleigh were 11 and 3 years old, respectively.

hearing judge analyzed the testimony and set forth in detail the reasons for his decision.

Pennsylvania courts have traditionally applied custody principles to matters involving visitation rights. *See, Morris v. Morris*, 271 Pa.Super. 19, 412 A.2d 139 (1979); *Commonwealth ex rel. Stayko v. Stayko*, 267 Pa.Super. 24, 405 A.2d 1284 (1979); *Spells v. Spells*, 250 Pa.Super. 168, 378 A.2d 879 (1977); *Commonwealth v. Rozanski*, 206 Pa.Super. 397, 213 A.2d 155 (1965).

In a visitation proceeding, as in one for custody, the singular concern is the interest and welfare of the children involved. *See, Commonwealth ex rel. Barbara M. v. Joseph M.*, 286 Pa.Super. 51, 428 A.2d 567 (1981); *Rozanski*, 206 Pa.Super. at 399–400, 213 A.2d at 156. This standard applies equally to instances where visitation is modified. *See, Wick v. Wick*, 266 Pa.Super. 104, 403 A.2d 115 (1979). For that reason:

> In cases of child custody and visitation our scope of review is broad and requires independent examination of the evidence before reaching our conclusion . . . Nor need we accept a finding which has no competent evidence to support it, "[we must] make an independent judgment based on the evidence and testimony and make such order on the merits of the case as to do right and justice."

*Spells*, 250 Pa.Super. at 175 76, 378 A.2d at 883 (citations omitted).

Although the expressed preference of a child is always given consideration in custody and visitation appeals, it is not controlling, *Pamela J.K. v. Roger D.J.*, 277 Pa.Super. 579, 592 n.8, 419 A.2d 1301, 1308 n.8 (1980); *Strapple v. Strapple*, 263 Pa.Super. 187, 397 A.2d 809 (1979); *Tomlinson v. Tomlinson*, 248 Pa.Super. 196, 203, 374 A.2d 1386 (1977).

In *Commonwealth ex rel. Lotz v. Lotz*, 188 Pa.Super. 241, 146 A.2d 362 (1958), *aff'd*, 396 Pa. 287, 152 A.2d 663 (1959), a 13-year-old girl refused to visit her father following a physical altercation between them. The mother contended that it would be a "rash gamble" to compel such visits inasmuch as

her daughter feared the father and became emotionally upset at the prospect of visiting him. Nevertheless, the court allowed the father visitation and directed the mother to cooperate. This Court, noting that visitation rights must be guarded, affirmed.

In *Fernald v. Fernald*, 224 Pa.Super. 93, 302 A.2d 470 (1973), the father of two teenagers sought visitation with his children. Noting that the father had allegedly left their mother for another woman, and that the mother held certain religious views on family life which she regarded as seriously violated by the father's lifestyle, the lower court denied the father's petition. We reversed, stating that the children could be required to visit their father, despite their desire not to do so. This court refused to sanction a permanent estrangement between the father and his minor children.

Appellant seemingly does not seek to impose a permanent estrangement between the children and their father but does seek to limit their relationship. It is against public policy, however, to destroy *or limit* the relationship between parent and child. *Spells*, 250 Pa.Super. at 175–76, 378 A.2d at 883; *Commonwealth ex rel. Sorace v. Sorace*, 236 Pa.Super. 42, 344 A.2d 553 (1975); *Commonwealth ex rel. Lotz v. Lotz*, 188 Pa.Super. at 243–44, 146 A.2d 363.

■ Instantly, the record establishes that expanded visitation rights will be in the best interest of the children. We are not unmindful that there was conflicting testimony as to whether an expansion of Mr. Stuck's visitation rights at this time would be in the best interests of his daughters. That conflict was for the hearing judge to resolve, which resolution will not be disturbed by this Court where, as here, an independent examination of the record demonstrates it is supported by competent evidence.

■ As with all custody and visitation orders, this one is temporary in nature. *Friedman v. Friedman*, 224 Pa.Super. 530, 307 A.2d 292 (1973). Visitation rights are within the supervision of the courts on a continuing basis. *Rozanski*, 206 Pa.Super. at 401–02, 213 A.2d at 157. Should it develop that the expanded visits with Appellee have an adverse

effect on the children's welfare, the right to such visits may be withdrawn. *Id.*, 206 Pa.Super. at 401–04, 213 A.2d at 157–58 (1965).

Order affirmed.

PRICE, J., did not participate in the consideration or decision of this case.