447 A.2d 972

**Joseph D. HOFFER, Sr.**

v.

**Christine M. HOFFER.**

Superior Court of Pennsylvania.

Argued Nov. 10, 1981.

Filed July 2, 1982.

Joseph D. Hoffer, Sr., appellant, in pro. per.

Christine M. Hoffer, appellee, in pro. per.

Before BECK, JOHNSON and POPOVICH, JJ.

BECK, Judge:

This appeal arises from a dispute between the natural parents of Joseph D. Hoffer, Jr. over custody of their son. Joseph and Christine M. Hoffer were married on March 13, 1976. Their only child, Joseph, Jr., was born on August 17, 1977. A decree of divorce was granted to them on December 6, 1979.

On January 28, 1980, the lower court awarded custody of Joseph to appellant-father, with visitation rights to appellee-mother. Appellee filed a timely notice of appeal which appeal was discontinued by praecipe. Appellee then filed a motion for reconsideration of visitation and the lower court entered an order on December 9, 1980 which is the subject of this appeal.

The court order at issue states:

AND NOW, to-wit, this 9th day of December, 1980, after due consideration of the requests of the parties, we make the following order of court.

1. That the custody of the minor child, Joseph D. Hoffer, Jr., shall remain with his father, Joseph D. Hoffer, until further [sic] of court.

2. That the natural mother, Christine M. Hoffer, shall have visitation as follows:

(a) Beginning the weekend of December 12th and every other weekend thereafter from Friday at 5:30 p. m. until Sunday at 6:00 p. m.
On the occasion where the visitation begins on Friday, Mrs. Hoffer shall pick the minor child up at the day care center where he is in attendance.

(b) On alternate weekends from 9:00 a. m. on Saturday until 6:00 p. m. the same day.

(c) On Christmas of each year from 3:00 p. m. on December 25th until 12:00 noon on December 27th.

(d) On Thanksgiving from 10:00 a. m. Friday to 6:00 p. m. on Sunday.

(e) On all other major holidays that do not fall on Saturday or Sunday from 3:00 p. m. to 8:00 p. m.

3. Furthermore, both parties shall share all information relative to the child's welfare. Each party, when the child is in their custody, shall immediately notify the other party of any illness or accident of any consequence the child may suffer.

Appellant thereafter filed a timely appeal to this Court. Appellant filed his appeal pro se and appellee filed a letter with this Court stating that she was precluded from filing a brief due to the expense involved.

Appellant raises one issue. He alleges that the lower court judge abused his discretion in ordering visitation to appellee on alternate weekends from Friday evening to Sunday evening and from Saturday morning until Saturday evening on the other weekends. He contends that this arrangement leaves him too little weekend time to spend

with his son. He seeks an alteration of the visitation schedule so that appellee-mother shall spend no time with her son two weekends out of every four. He proposes that two and one-half hours on alternate Monday evenings be substituted for the nine hours on alternate Saturdays that were awarded to appellee.

We note that this case presents an unusual setting in that it is not the party deprived of custody who is appealing. Rather, the custodial parent is contending that he was not awarded enough time with his son.

The importance of protecting the visitation rights of a non-custodial parent is well-settled in this Commonwealth. "[W]hen parents are separated and custody is placed in one of the parents, there exists a danger that the parent having custody of the child may use his or her advantageous position to alienate the other parent from the affections of the child." *Commonwealth ex rel. Lotz v. Lotz*, 188 Pa.Super. 241, 246, 146 A.2d 362, 364 (1958), *aff'd*, 396 Pa. 287, 152 A.2d 663 (1959). "Visitation . . . has been limited or denied only where a parent has been shown to suffer from severe mental or moral deficiencies that constituted a grave threat to the child." *Scarlett v. Scarlett*, 257 Pa.Super. 468, 472, 390 A.2d 1331, 1333 (1978). *See, e.g., Pamela J. K. v. Roger D. J.*, 277 Pa.Super. 579, 419 A.2d 1301 (1980). Even where the child refuses to see the non-custodial parent, the court may order the custodial parent to compel compliance with the visitation component of the custody order. *Commonwealth ex rel. Stoyko v. Stoyko*, 267 Pa.Super. 24, 405 A.2d 1284 (1979).

The standards by which we will evaluate the lower court's order were clearly set out by this Court in *Scarlett v. Scarlett*. That case also involved an award of custody to the father with visitation rights to the mother. But in *Scarlett*, the mother appealed because the order too severely limited her time with her daughter.

In *Scarlett*, the lower court awarded the mother visitation on alternate weekends, alternate Monday afternoons and on Christmas day. She sought to increase her visitation rights

to include each weekend and afternoon, alternate holidays, and a one month period during the summer.

The *Scarlett* court in enunciating its broad scope of review in custody matters accorded great weight to the lower court's findings:

[I]n matters such as the hours of a visitation, great deference should be given to the hearing judge, who is in a better position than we to assess the particular circumstances. However, we must also recognize that to fulfill our own responsibility, we should not accept a finding that is not supported, or is contradicted, by the record.

*Id.* 257 Pa.Super. at 473, 390 A.2d at 1334.

In that case the lower court found that the father would have more time during the weekend than during the week to spend with his daughter. This Court found that not to be supported by the record and in fact found that the father sent his daughter to her grandparents on weekends. This Court therefore remanded for the imposition of an order providing the mother visitation every weekend.

The instant case presents a different situation. We find that the record supports the lower court's finding that the father is able to spend time with his son during the week.

■ We find that the visitation component of the custody order was well-suited to the needs of father, mother and son. The child has ample contact with his father during the week and on alternate Saturday evenings and Sundays. The mother spends time with her son on weekends, excluding alternate Saturday evenings and Sundays. Thus, the son spends time regularly with both parents and we commend the lower court for arriving at a schedule that suits the needs of all three.

Appellant contends that "[t]he only extended, uninterrupted, and therefore 'meaningful' time the Appellant can spend with his son, for the benefit of the Appellant and the child, is weekends." (Appellant's Brief at 7). We reject this claim as the order clearly calls for extended periods of time with his son. We regard as spurious his argument that the

weekdays, during which he has sole custody, are somehow "meaningless." Appellant is in a most enviable position. He, not appellee, is in the best position to help his son with his everyday concerns. We are somewhat surprised in fact that it is appellant who brings this appeal. We are more accustomed to hearing that the non-custodial parent has been deprived of meaningful time with the child—that he or she has been relegated to the role of a "Disneyland parent." Appellant, it seems, has the best of both worlds—weekdays and partial weekends with his son.

Order of the lower court is affirmed.