458 A.2d 1017

**Susan M. BURY**

**v.**

**Theodore A. BURY, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 11, 1983.

Filed April 15, 1983.

394

Charles Edward Kurowski, Canonsburg, for appellant.

Howard Goldfarb, Washington, for appellee.

Before POPOVICH, MONTGOMERY and VAN der VOORT, JJ.

PER CURIAM:

The parties were married in 1976. One child, Rachael Marie Bury, born May 5, 1977, resulted from the marriage. By a final decree dated February 26, 1979, the parties were divorced. The parties entered into a consent order on November 27, 1979, regarding custody of Rachael. Appellee-mother was given permanent custody. Appellant-father was awarded the right of visitation with Rachael from Sunday morning to Monday morning, to occur every week. The father was also to have the child for two weeks of his vacation and on Christmas day from 12:00 noon until 6:00 P.M.

[1, 2] On November 19, 1981, the father filed a petition to increase and modify the above visitation agreement. Appellant sought: Christmas visitation, to alternate between Christmas eve and Christmas day; visitation on Father's Day, and alternating holidays; split visitation on Rachael's birthday and visitation for four hours, twice during the week depending on his work schedule. After a hearing the court entered an order continuing the custody arrangement established in November 1979, with the following additions. The father was to have visitation rights for three hours, one day during the week. The child was to spend alternate holidays with her parents. Father's Day

was to be spent with appellant. Appellant here appeals from the above modified visitation order.

In a visitation proceeding, as in one for custody, the singular concern is the interest and welfare of the children involved. See, *Commonwealth ex rel. Barbara M. v. Joseph M.*, 286 Pa.Super. 51, 428 A.2d 567 (1981); *Rozanski*, 206 Pa.Super. [397] at 399–400, 213 A.2d [155] at 156. This standard applies equally to instances where visitation is modified. See, *Wick v. Wick*, 266 Pa.Super. 104, 403 A.2d 115 (1979). For that reason:

> In cases of child custody and visitation our scope of review is broad and requires independent examination of the evidence before reaching our conclusion ... Nor need we accept a finding which has no competent evidence to support it, "[we must] make an independent judgment based on the evidence and testimony and make such order on the merits of the case as to do right and justice."
>
> *Spells* [*v. Spells* ], 250 Pa.Super. [168], 175–76, 378 A.2d [879], 883 [ (1977) ] (citations omitted).

*In Re Stuck*, 291 Pa.Superior Ct. 61, 63, 435 A.2d 219 (1981). See also, *Hoffer v. Hoffer*, 301 Pa.Superior Ct. 289, 447 A.2d 972 (1982).

Only the mother and the father testified at the hearing below. Appellant-father's testimony was that due to his work schedule he needed and desired more time with Rachael. He worked rotating shifts with alternating days off. Appellee-mother expressed her concern that additional visitation during the week would be a disruptive influence to the child and would result in additional deviations in discipline. The lower court summarized the testimony in similar terms, discounted the mother's fears and found that due to Rachael's young age only one additional mid-week visitation should be granted. Appellant here raises a number of contentions.

A number of the issues raised in appellant's brief either do not apply to the current situation, or else, have been resolved by the court in favor of appellant. Reference is

made to a county policy of visitation on an alternate week-end basis; no where is it explained what relevance it has here. Both the consent agreement and the modified order provided for visitation from Sunday morning to Monday morning, every week. Demand is made for visitation on alternating holidays; such was granted. Visitation is requested for two summer weeks; such was part of both orders. Appellant requests provision for additional time, if the parties can agree to such; the order appealed from provided for additional visitation by agreement. Much emphasis is placed upon appellant's variable work week, yet the court provided that the mid-week visitation could be changed upon twenty-four hours notice, to accommodate appellant's work schedule.

The first issue devolves itself into whether the court erred in only increasing visitation by one mid-week three hour period.

We recognize that in matters such as the hours of a visitation, great deference should be given to the hearing judge, who is in a better position than we to assess the particular circumstances. However, we must also recognize that to fulfill our own responsibility, we should not accept a finding that is not supported, or is contradicted, by the record.

*Scarlett v. Scarlett*, 257 Pa.Superior Ct. 468, 473, 390 A.2d 1331 (1978). The record here supports the lower court's award. The court had to weigh and balance the child's need for stability, *Commonwealth ex Rel. Newcomer v. King*, 301 Pa.Superior Ct. 239, 447 A.2d 630 (1982) and the father's desire to spend more time with his daughter. At the close of the testimony the lower court noted the difficulty of "formulating some kind of a plan that would satisfy both parents." (N.T., p. 31)

Instantly, the record establishes that expanded visitation would be in the best interest of Rachael. The court heard testimony regarding the effects upon the child of the shifting back and forth between the parents. The court also listened to how the father and mother differed in their

views of such effects. The court then went on to resolve such conflict by limiting increased visitation to one night a week. Our review of the record supports such resolution and therefore we will not disturb it.[1] Compare *Hoffer v. Hoffer*, supra. (record supports finding that father is able to spend time with son during week); *In Re Stuck*, supra. (record supports finding that expanded visitation will be in best interest of child); and *Scarlett v. Scarlett*, supra. (record did not support refusal of weekend visitation).

Two other aspects of this case remain to be addressed: Christmas and birthday visitation. While the court continued split visitation on Christmas day, it did not explicitly address appellant's claim for alternating full day visitation between Christmas eve and Christmas day. The court also did not make any provisions for Rachael's birthday. Appellant sought visitation for both occasions in his petition, and raised both in his statement of matters, filed pursuant to Pa.R.A.P., Rule 1925(b). Therefore, we find it necessary to remand to the lower court to address both.

Unfortunately in many custody and visitation situations, hostility and uncooperation override the parents' mutual concern for the child. Such is not the case here. The record reflects that the parties have cooperated, to some extent, in maintaining Rachael's relationship with her father; appellant has only reverted to the courts in an attempt to define the time perimeters of that relationship. (N.T., pp. 9–10) Therefore upon remand the court may wish to persuade the parties to enter into a consent order concerning Christmas and the child's birthday. If the parties are unsuccessful, then the court shall enter an appropriate visitation order. We do not retain jurisdiction.[2]

1. As visitations orders are temporary in nature, the lower court retains jurisdiction on a continuing basis. *Scarlett*, supra; *Stuck*, supra.

2. Appellant has invoked the Custody and Grandparents Visitation Act, 23 P.S. 1002, as providing for shared custody. As he does not seek shared custody but an extension of visitation, we need not discuss the Act.

The case is remanded for the entry of an appropriate visitation order.

POPOVICH, J., concurred in the result.