474 A.2d 630

**Larry D. SOMERS, Appellant**

v.

**Ronda Faye SOMERS.**

Superior Court of Pennsylvania.

Argued Nov. 3, 1983.

Filed April 19, 1984.

Niles Benn, Dillsburg, for appellant.

Ronda Faye Somers, appellee, in propria persona.

Before WICKERSHAM, WIEAND and CERCONE, JJ.

WIEAND, Judge:

Larry D. Somers, in an appeal from an order granting him visitation with three children, challenges the reasonableness of a condition imposed by the court which disal-

lows visitation "between the hours of 9:30 o'clock p.m., and 9:00 o'clock a.m., in the presence of Mrs. Marilyn Bowers or any other member of the opposite sex to whom he is not related by blood or marriage." We will cause the order to be modified and as modified will affirm the order granting visitation.

Larry D. Somers, appellant, and Ronda Faye Somers, appellee, were married in 1969 and thereafter became the parents of three children: Todd, born December 28, 1969; Heather, born January 14, 1975; and Jaime, born September 5, 1978. The parties were separated in March, 1981, after which the children continued to live with their mother in New Franklin, Franklin County. Immediately following separation, appellant moved into the home of his parents in Chambersburg. This arrangement continued only for a short period, and appellant then took a two room apartment in Dillsburg, York County. While appellant resided with his parents, appellee had no objection to a liberal and flexible schedule for visitations by appellant. After appellant had moved to Dillsburg, however, appellee objected to visitations outside of Franklin County because appellant's girl friend, a divorcee with two children, resided in Dillsburg. Appellant respected appellee's wishes and visited his children in appellee's home; but he filed a petition seeking a court order allowing broader visitation. After hearing, the court entered an order confirming primary custody in appellee and granting appellant rights of visitation on alternating weekends and for two weeks during each summer vacation period. The court also imposed the restriction which appellant finds objectionable.

"In a visitation proceeding, as in one for custody, the singular concern is the interest and welfare of the children involved." *In re Stuck*, 291 Pa.Super. 61, 63, 435 A.2d 219, 220 (1981), citing *Commonwealth ex rel. Barbara M. v. Joseph M.*, 286 Pa.Super. 51, 428 A.2d 567 (1981). In *Bury v. Bury*, 312 Pa.Super. 393, 458 A.2d 1017 (1983), we said:

"We recognize that in matters such as the hours of a visitation, great deference should be given to the hearing judge, who is in a better position than we to assess the particular circumstances. However, we must also recognize that to fulfill our own responsibility, we should not accept a finding that is not supported, or is contradicted, by the record."

*Id.*, 312 Pa.Superior Ct. at 397, 458 A.2d at 1019, quoting *Scarlett v. Scarlett*, 257 Pa.Super. 468, 473, 390 A.2d 1331, 1334 (1978). See: *Nancy E.M. v. Kenneth D.M.*, 316 Pa.Super. 351, 357, 462 A.2d 1386, 1389 (1983). A parent's visitation rights should not be limited in the absence of record evidence that the parent "possess[es] such severe mental or moral deficiencies as to constitute a grave threat to the welfare of the child." *Id.*, citing *Commonwealth ex rel. Peterson v. Hayes*, 252 Pa.Super. 487, 381 A.2d 1311 (1977). "[A] parent may not be denied custody or even visitation solely because of an involvement in a meretricious relationship." *Commonwealth ex rel. Drum v. Drum*, 263 Pa.Super. 248, 250, 397 A.2d 1192, 1193 (1979), citing *Commonwealth ex rel. Myers v. Myers*, 468 Pa. 134, 360 A.2d 587 (1976) and *Commonwealth ex rel. Sorace v. Sorace*, 236 Pa.Super. 42, 344 A.2d 553 (1975). See: *Brooks v. Brooks*, 319 Pa.Super. 268, 275, 466 A.2d 152, 156 (1983). Reasonable conditions, however, may be imposed upon visitations by a parent. *Commonwealth ex rel. Drum v. Drum, supra.* See generally: *In re Damon B.*, 314 Pa.Super. 391, 395, 460 A.2d 1196, 1198 (1983). In determining the reasonableness of conditions which limit a parent's visitation rights, the principal consideration must be the best interests and welfare of the children.

The condition imposed by the court that visitation was not to occur in the presence of any "member of the opposite sex to whom [appellant] is not related by blood or marriage" was overly broad and unreasonable. In *Dile v. Dile*, 284 Pa.Super. 459, 426 A.2d 137 (1981), a similar restriction imposed upon a mother's right of visitation was set aside because it was so broad that, literally interpreted,

it barred contact with "casual friends, the mother's attorney, taxi drivers, ministers, doctors or whomever." *Id.*, 284 Pa.Superior Ct. at 467, 426 A.2d at 141. In the instant case, in addition to lawyers, taxi drivers, ministers and doctors, the court imposed limitation prevents visitations in the presence of waitresses, nurses, school teachers and store clerks. For the reasons noted in the *Dile* case, therefore, we hold this restriction unnecessarily and unreasonably broad.

The remaining restriction was intended to prevent overnight visitations in the presence of appellant's girl friend. This was not unreasonable. Appellee, the mother of the children, professed to be a practicing, born-again Christian who attended church frequently with her children. She said that the relationship between appellant and his girl friend was contrary to the children's religious and moral training and caused them embarrassment at church and also tension in their relationship with her.

Under similar circumstances, this Court upheld a general restriction that visitations should not at any time take place in the presence of the father's girl friend. See: *Commonwealth ex rel. Drum v. Drum, supra.* Also, a similar restriction was imposed by a panel of this Court in *Dile v. Dile, supra,* where it was necessary to safeguard the moral development of the children who were the subjects of a visitation order.

The restriction imposed by the court in the instant case does not prevent the children from being with appellant at times when Mrs. Bowers is present. It provides only that the children shall not be in her presence between the hours of 9:30 o'clock in the evening and 9:00 o'clock the following morning. This limitation was initially suggested to the court by appellant as an accommodation to appellee's concern. The hearing court accepted appellant's proposal, but instead of requiring removal of the children from the girl friend's presence at 1:00 a.m., as appellant had suggested, the court opted for the earlier hour of 9:30. When we recall that the youngest child was only four years of age at the

time of the hearing, we cannot say that the earlier hour was unreasonable. It may also be observed that upon dissolution of the marriage presently existing between the parties, the concern which prompted the condition on appellant's right of visitation will disappear. Thereafter, the condition will be unnecessary and, indeed, will serve no valid purpose.

The order providing for custody and visitation is modified by striking from it the broad language prohibiting visitation in the presence of any "member of the opposite sex to whom [appellant] is not related by blood or marriage." As so modified, the order is affirmed.