494 A.2d 856

**David NIADNA, Appellant,**

v.

**Roberta NIADNA, Appellee.**

Superior Court of Pennsylvania.

Argued March 20, 1985.

Filed June 14, 1985.

William R. Mosolino, Orwigsburg, for appellant.

J. Robert Zane, Schuylkill Haven, for appellee.

Before WIEAND, WATKINS and GEISZ,* JJ.

WIEAND, Judge:

The sole issue in this appeal is whether the hearing court abused its discretion by awarding to the natural mother of a twelve year old girl a right of summer visitation for three weeks at the mother's home in California after the mother had failed to exercise visitation rights under a prior court

---

* The Honorable JOHN A. GEISZ, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

order for almost ten years. We conclude that there was no abuse of discretion and affirm.

David Niadna, the appellant, and Roberta Niadna Emsley, the appellee, were married on November 23, 1968. Roberta was then sixteen years of age, and David was twenty-one. A female child, Heather, was born on July 9, 1972. Marital discord arose, and the parties separated during the summer of 1973 and were divorced in March, 1975. By order of court entered October 14, 1975, custody of Heather was awarded to her father, with weekend and holiday visitations awarded to her mother.[1] By that time, Roberta had remarried, and shortly thereafter she moved to California. Still later, Roberta was divorced a second time and again remarried. She presently lives with her third husband and their three sons in southern California. Meanwhile, David remarried also and was again divorced. He now lives with his third wife and Heather in Nuremberg, Schuylkill County.

During the intervening years, according to Roberta's testimony, she attempted to keep in touch with Heather by letters, cards and gifts.[2] Between April, 1977 and December, 1978, David sent several photographs of Heather to Roberta, and in August, 1978, Roberta attempted to visit her daughter in Schuylkill County. She was turned away by David. Early in 1983, Roberta wrote to David and requested that she be permitted to visit her daughter at a mutually satisfactory time and place. Her request was ignored. In February, 1984, she filed a petition seeking a modification of the prior visitation schedule so that she might visit her daughter. She conceded that David had been a good parent and did not seek to alter the order of permanent custody. After hearing, the court ordered visitation in California for three weeks in the summer of each year, to commence in August, 1984. The court also directed

1. The order also permitted weekday visits, every other week, for five hours at the discretion of the mother.

2. There was testimony suggesting that Heather's father, the appellant, had not permitted these letters, cards and gifts to be received by his daughter but the hearing court made no findings with respect thereto.

visitation in Pennsylvania at times to be agreed upon by the parties. David appealed.[3]

Courts do not sanction the estrangement of a child from either parent. *Commonwealth ex rel. Newcomer v. King*, 301 Pa.Super. 239, 247, 447 A.2d 630, 634 (1982). Therefore, visitation rights of a non-custodial parent will be guarded carefully. *In re Lisa and Cynthia*, 287 Pa.Super. 255, 259–260, 429 A.2d 1197, 1199 (1981); *Spells v. Spells*, 250 Pa.Super. 168, 175, 378 A.2d 879, 883 (1977). As a general rule, the fact that a parent has delayed in asserting his or her rights of visitation will not serve as a bar to the right to visit with his or her child. *In re Lisa and Cynthia, supra*, 287 Pa.Super. at 259, 429 A.2d at 1199; *Fernald v. Fernald*, 224 Pa.Super. 93, 95, 302 A.2d 470, 471 (1973). A parent will be denied visitation only in those instances where the record shows that the parent is severely mentally or morally deficient so as to constitute a grave threat to the child's welfare. *Somers v. Somers*, 326 Pa.Super. 556, 559, 474 A.2d 630, 631 (1984); *Hughes v. Hughes*, 316 Pa.Super. 505, 508, 463 A.2d 478, 479 (1983). See also: *Lewis v. Lewis*, 271 Pa.Super. 519, 522, 414 A.2d 375, 376 (1979), *cert. denied*, 449 U.S. 877, 101 S.Ct. 221, 66 L.Ed.2d 99 (1980). The sole concerns of a court called upon to enforce a parent's right of visitation are the welfare and best interests of the child. *Somers v. Somers, supra*, 326 Pa.Super. at 558, 474 A.2d at 631; *In re Stuck*, 291 Pa.Super. 61, 63, 435 A.2d 219, 220 (1981).

The record in this case establishes that Roberta now leads a settled and secure life in California with her husband and three sons. She has earned a high school diploma and is presently taking courses at a local junior college. The hearing court received testimony from family, friends, and professionals as to Roberta's fitness as a parent, notwithstanding the extended period during which she did not visit her daughter. Testimony was also received and considered regarding the likely effect which an abrupt parental visita-

---

**3.** Although no supersedeas was granted, we are advised that David refused to permit the court ordered visit in August, 1984.

tion in California would have on Heather. The hearing judge interviewed Heather in chambers with counsel present and learned that while she was not averse to developing a relationship with her natural mother, she was apprehensive about going to California. Even David did not contend that Roberta should not be entitled to reestablish a relationship with her daughter. He contended, however, that the court should not allow personal visits but require Heather and her mother to become acquainted gradually through the mail and telephone before any visits occurred, particularly in California.

 Our examination of the record discloses no abuse of discretion by the hearing court. The record discloses no valid reason for denying Roberta the right to have her daughter visit with her. The previous weekend visitation schedule was not feasible after Roberta's relocation to California. Nevertheless, Roberta attempted, consistent with her means, to keep in touch with Heather despite the obstacles presented by the distance of their geographical separation. There is no evidence that Roberta suffers from mental or moral deficiencies that would prevent the full exercise of her rights as a non-custodial parent. Similarly, there are no apparent reasons for supposing that a visit to California would in any way prove harmful to Heather, who is a self-assured, bright, articulate teenage child. Travel is not a substantial barrier; her parents can be expected to cooperate in making the trip a pleasant one. The courts have held that even a lack of desire on the part of a child to see a parent is not sufficient reason to deny visitation. See: *Nancy E.M. v. Kenneth D.M.*, 316 Pa.Super. 351, 357, 462 A.2d 1386, 1389 (1983). Because a visitation order by its very nature is temporary, moreover, the order will be under the continuing supervision of the court. *In re Stuck, supra*, 291 Pa.Super. at 64, 435 A.2d at 221. Should this arrangement adversely effect Heather's best interests and welfare, the visitation schedule may again be modified. We conclude that under all the circumstances there has been no

abuse of discretion on the part of the hearing court and that its order directing visitation should be affirmed.

Order affirmed.