**Baron v. Klein**

54

*Joyce Ullman*, for plaintiff.
*Laurence I. Tomar*, for defendants.

MIMS, *J*., November 30, 1982—This matter is before the court pursuant to Bucks County R.C.P.*266 on defendants' preliminary objections to plaintiff's complaint for visitation. Plaintiff, the paternal grandmother of Allison and Scott Sarubin, has initiated this visitation proceeding in accordance with Section 13 of the Grandparents Visitation Act, 23 P.S. §1013, entitled "When parents' marriage is dissolved," which provides:

"In all proceedings for dissolution, subsequent to the commencement of the proceeding and continuing thereafter, the court may, upon the request of the parent or grandparent of a party, grant reasonable visitation rights to the unmarried child, after dissolution of marriage, if it finds that visitation rights would be in the best interest of the child and would not interfere with the parent-child relationship. The court shall consider the amount of personal contact between the parents or grandparents of the party and the child prior to the application." Nov. 5, P.L. 322, No. 115 §13.

Defendant, Elayne Klein is the natural mother of Allison and Scott Sarubin, and is married to defendant, Murray Klein. Defendants reside in Yardley,

Pa., with Allison and Scott, and with their daughter, Julia Klein. Dr. Daniel Sarubin, plaintiff's son, is the natural father of Allison and Scott. Dr. Sarubin and Elayne Klein were divorced in 1976. Dr. Sarubin has visitation rights with his children pursuant to a property settlement executed in 1975. Dr. Sarubin is the plaintiff in a separate visitation proceeding pending before this court. His complaint, however, has not been consolidated with the above-captioned proceeding.

Essentially at issue in this case is whether the Grandparents Visitation Act provides a grandparent a right to visitation with a grandchild, where the child (the parent of that grandchild) also has that right.

At the present time, there are no reported cases in Pennsylvania construing the act. Although prior cases have held that third parties in general, including grandparents, have no inherent legal right of either visitation or partial custody,[1] the test to be applied in situations in which a third party seeks visitation or partial custody was set forth in Comm. ex rel Williams v. Miller, 254 Pa. Superior Ct. 227, 385 A. 2d 992 (1978):

In a visitation case, the third party need only convince the court that it is in the child's best interest to *give some time* to the third party. (Emphasis in original.)

The "best interest" test was reiterated in the case of Comm. ex rel Zaffarano v. Genaro, 286 Pa. Superior Ct. 436, 429 A. 2d 17 (1981).

It is not clear from the legislative history that the

---

1. Wick v. Wick, 266 Pa. Superior Ct. 104, 403 A. 2d 115 (1979); Comm. ex rel Flannery v. Sharp, 151 Pa. Superior Ct. 612, 30 A. 2d 810 (1943); Comm. ex rel McDonnald v. Smith, 170 Pa. Superior Ct. 254, 85 A. 2d 686 (1952).

objective of the 1981 Act was to codify existing law and grant reasonable visitation only in circumstances where the child of the grandparent was not able to provide the grandparent access to the grandchild. It is clear, however, that the objective of the statute was to grant the court specific authority to order grandparent visitation in three circumstances: when the parent is deceased, when the parents' marriage is dissolved, and when the child has resided with the grandparents.[2]

The pertinent part of the statute provides that a court may grant reasonable visitation to a grandparent if it finds that visitation would be in the best interest of the child and will not interfere with the parent-child relationship. It further provides that the court consider the amount of personal contact between the parents or grandparents and the child prior to the application.

We are satisfied plaintiff has a right to seek visitation rights to her grandchildren, and that this case should proceed to a hearing in order to determine whether the visitation sought by plaintiff is in the children's best interest.

If we were to sustain defendants' preliminary objections and dismiss this action, we would foreclose consideration of such relevant factors as the nature of the relationship between plaintiff and Dr. Sarubin (the children's father), the amount of visitation actually exercised by Dr. Sarubin, and the amount of personal contact between plaintiff and the children prior to this action.

Accordingly, defendants' objections in the nature

---

2. Commonwealth of Pennsylvania Legislative Journal, Wednesday, October 21, 1981 Session, 165th of the General Assembly, no. 64 at page 1814.

of a demurrer and petition raising the defense of lack of capacity to sue are hereby dismissed.

Plaintiff was a real party in interest in a case captioned Comm. ex rel Sarubin v. Sarubin, no. 137 January term 1977, Habeas Corpus, Court of Common Pleas of Lehigh County, in which the petition was dismissed. The children reside in Bucks County, there are no proceedings concerning visitation of these children pending in another county and there is no court order in Lehigh County determining custody. Although the issues presented in Sarubin v. Sarubin appear to be the same as the issues presented in this proceeding, Sarubin v. Sarubin was decided prior to the 1981 Act, which grants grandparents rights not previously codified. This matter is, therefore, not res judicata, and this court does not lack jurisdiction over the parties or the subject matter. Accordingly, defendant's objection to the jurisdiction of this court is dismissed.

Defendant Murray J. Klein's objection in the nature of a demurrer is sustained. Since Murray J. Klein is neither the natural or the adoptive father of Allison and Scott Sarubin, he has no standing in this proceeding. Naming Murray J. Klein as a defendant in this action is neither scandalous or impertinent. Accordingly, defendant, Murray J. Klein's objection based on scandalous or impertinent matter is dismissed.

Defendants object to the complaint based on the pending action of Daniel Sarubin v. Elayne Klein, no. A06-81-61296-V-10, in the Court of Common Pleas of Bucks County. We will sustain the objection with leave to plaintiff to file a motion, within 20 days from notice of this order, to consolidate these proceedings.

Accordingly, we enter the following

## ORDER

And now, November 30, 1982, upon consideration of memoranda of law filed by both parties, it is hereby ordered that defendants' preliminary objections to the complaint in visitation be dismissed, and defendant, Murray J. Klein's objection in the nature of a demurrer be sustained. It is further ordered that defendants' objection based on the pendency of a prior action be sustained with leave to plaintiff to file a motion within 20 days from notice of this order to consolidate this case with Dr. Sarubin's visitation proceeding now pending.