Fernald, Appellant, v. Fernald.

*John J. Krafsig, Jr.,* for appellant.

*Merrill L. Hassel,* for appellee.

OPINION BY CERCONE, J., March 27, 1973:

This is an appeal by the father from the lower court's refusal of rights of visitation with three of his children: a son, aged 13, and two daughters aged 15 and 19, each of whom are receiving from him $20.00 weekly support. The court below refused the visitation rights on the basis that during a 15-minute interview with the children they strongly indicated no wish to visit with their father and therefore the court would not force its will upon them.

We are of the opinion that this holding was error with respect to the 13- and 15-year-old children. This court has stated on several occasions, as it did in *Guiseppi Appeal,* 188 Pa. Superior Ct. 232, 235 (1958), that "the fact that the children do not wish visitation by a particular parent is not controlling. Commonwealth ex rel. Turner v. Strange, supra [179 Pa. Superior Ct. 83 (1955)]; Commonwealth ex rel. Lotz v. Lotz, 188 Pa. Superior Ct. 241, 146 A. 2d 362 (1958)."

The children's mother entertained certain religious principles and views regarding family life which she regarded as seriously violated and threatened by the father's life-style. She placed great emphasis on her allegation that he had left her six years previously for another woman. The father cannot, however, be denied his visitation rights on the strength of her testimony.

In *Commonwealth ex rel. McNamee v. Jackson*, 183 Pa. Superior Ct. 522 (1957), this court held the father was entitled to "liberal" visitation rights even though the evidence clearly revealed marital misconduct and excessive drinking of intoxicating beverages on many occasions in the children's presence. In *Commonwealth ex rel. Lotz v. Lotz*, 188 Pa. Superior Ct. 241, 244 (1958), we pointed out, "A parent has seldom been denied the right of visitation. The cases in which visitation rights of a parent have been limited or denied have been those in which severe mental or moral deficiencies of the parent have constituted a real and grave threat to the welfare of the child. (Citing cases.)"

The fact that the father had waited several years before legally pursuing his right to visitations with the children cannot be used as a bar to his visitation rights. As stated in *Commonwealth ex rel. Lotz v. Lotz*, supra, at page 244: "The courts have granted visitation rights to parents even in those circumstances where the parent has ignored the children for a long period of time. (Citing cases.)" The record reveals in this case that the father did try to keep in touch with his children via birthday cards and telephone calls, but discontinued those efforts when they were thwarted by the mother and rendered unsuccessful by her.

The father, despite such reaction on the part of the mother which she imparted to her children, has continued to pay $20 per week for each of the three children even though the 19-year-old daughter is now emancipated. In view of the fact that this 19-year-old daughter has reached the age which in this Commonwealth is now considered for most purposes adulthood, the court would be without authority to force her to visit her father, even though she is accepting her father's weekly payment of $20.00. It will have to remain a matter for the father's voluntary determination whether under all the circumstances he wishes to continue such payments

to a daughter he no longer is legally obligated to support, but the fact that he voluntarily chooses to make such payments, however, cannot be used as a basis for the securing of an order of visitation.

The other two minor children, however, can be required to visit their father, despite their desire not to do so, and the mother can be directed to exercise her parental authority over them so as to require their compliance with the visitation order: *Commonwealth ex rel. Lotz v. Lotz,* supra, at page 245. This court cannot sanction the permanent estrangement of father and the two minor children which would result from an affirmance of the lower court's order. The father has asked this court to set his visitation rights in accordance with his request which is that he be permitted to visit with them on alternate Saturdays and Sundays and on major holidays. Though the requested visitation rights appear to be reasonable, we believe it best to remand the case to the lower court for its entry and enforcement of an appropriate liberal visitation order.

Order of the court below reversed and case remanded for entry of order visitation consistent with this opinion.