406 A.2d 555

**Raymond M. WENGER, Appellant, Individually and as Father and Natural Guardian of Kristin Anne Wenger, a Minor**

**v.**

**Kathryn WENGER.**

Superior Court of Pennsylvania.

Argued March 22, 1979.

Decided June 15, 1979.

1. 18 Pa.C.S. § 4902.

2. 18 Pa.C.S. § 110.

Martin J. King, Newtown, for appellant.

Albert R. Subers, Norristown, for appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

PRICE, Judge:

The parties to these appeals are the natural parents of the minor child, who was born on December 7, 1972. The child lived with both parents until the separation of the parties on January 19, 1974, and since then lived first with appellee until January 1976, then with appellant until the present time. Although on November 21, 1978, custody was

awarded to appellee, Supersedeas was granted by this Court so that the custody transfer has not as yet been carried out.[1]

We affirm the order of November 21, 1978, and dissolve the Supersedeas granted by this Court on January 11, 1979, to be effective upon the close of the child's 1978–1979 school year.

■ Being aware of the broad scope of our review in child custody cases, we find this record to be complete in every respect. Further, we have repeatedly made plain that the hearing judge must by opinion give us the benefit of a thorough analysis of that record. This record is replete with such analysis. For us to cite such well settled law would provide but additional length to this opinion, but most recently the authorities are gathered and discussed in *Shoup v. Shoup*, 257 Pa.Super. 263, 390 A.2d 814 (1978), in both the opinion in support of affirmance and the opinion in support of remand.

The hearing judge, on the record at the conclusion of the hearing on November 21, 1978, articulated an analysis. Again on December 18, 1978, in an opinion and order denying Supersedeas, these reasons were repeated and expanded upon. Yet again, by opinion filed pursuant to Pa.R.A.P. 1925(a), we were given further detailed rationale.

■ It is now beyond dispute that the *sole* issue to be decided in a custody proceeding is the best interests and welfare of the child. The hearing judge has decided that issue in appellee's favor. That determination is well supported in the record and is fully articulated by the hearing judge. We accordingly affirm that decision.

Although appellant presents four questions in his Statement of Questions Involved, his argument in essence is that the hearing judge *sub silentio* applied the Tender Years

---

1. We further note the additional reason for delay contained in the lower court's order of December 4, 1978, staying the transfer to coincide with the child's school schedule. Appeal was also taken from that order, and hence the consolidated appeals. We believe this concern of not interrupting a school semester is justified, hence our decision to allow completion of the 1978–1979 school year.

Doctrine, now clearly no longer the law of Pennsylvania. *Commonwealth ex rel. Spriggs v. Carson*, 470 Pa. 290, 368 A.2d 635 (1977). We specifically reject this argument, finding nothing in the record or opinions to support it.

The order of November 21, 1978, awarding custody of Kristin Anne Wenger to appellee is affirmed. Our Supersedeas of January 11, 1979, is dissolved effective upon the close of Kristin's regular 1978–1979 school year. Visitation shall be as agreed upon between the parties, or as directed by the Court of Common Pleas of Bucks County.