414 A.2d 675

**COMMONWEALTH of Pennsylvania ex rel. Melanie CROWTHER,**

v.

**Anthony Paul WAIDA, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued April 11, 1979.

Filed Nov. 16, 1979.

74

Allan E. MacLeod, Pittsburgh, for appellant.

George E. James, Beaver Falls, for appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

HESTER, Judge:

Presently before the court is appellant-father's appeal from the lower court's order of February 9, 1978 which provided *inter alia* : "1. That custody of said minor child, Anthony Waida, III be and it is hereby awarded to and vested in plaintiff-mother, Melanie Crowther."

The instant action was initiated pursuant to the *Uniform Child Custody Jurisdiction Act*, 1977, June 30, P.L. 29, No. 20, 11 P.S. 2301 et seq., eff. July 1, 1977.

█ Preliminarily we note that appellate review in child custody and habeas corpus cases remains that of the broadest type. *Sipe v. Schaeffer*, 263 Pa.Super. 27, 396 A.2d 1359 (1979); *Scarlett v. Scarlett*, 257 Pa.Super. 468, 390 A.2d 1331 (1978); *Tobias v. Tobias*, 248 Pa.Super. 168, 374 A.2d 1372 (1977), and *Commonwealth ex rel. Holschuh v. Holland-Moritz*, 448 Pa. 437, 292 A.2d 380 (1972).

█ To facilitate our review, we require the hearing judge to file *in every such case* "a comprehensive opinion reflecting a thorough analysis of the record as a whole and specifying the reasons for its ultimate decision." *Commonwealth ex rel. Grillo v. Shuster*, 226 Pa.Super. 229, 237, 312 A.2d 58, 63 (1973); *Bender v. Bender*, 261 Pa.Super. 12, 395 A.2d 279 (1978). We require the hearing court to provide us with a "full and complete explanation of the reasons underlying his decision, which reasons should be set forth in a complete, comprehensive opinion." *Commonwealth ex rel. Fox v. Fox*, 216 Pa.Super. 11, 260 A.2d 470 (1969); *Gunter v. Gunter*, 240 Pa.Super. 382, 361 A.2d 307 (1976).

Additionally, Pennsylvania Rules of Appellate Procedure 1925 provides:

Rule 1925. Opinion in Support of Order.

(a) General rule.—Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, *shall forthwith file of record at least a brief statement, in the form of an opinion,* of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found. (Emphasis added)

■ In some cases where the lower court has failed to file a proper opinion in support of its custody decision, we have not remanded the case, but have instead decided the question of custody based upon our own examination of the record. See *Haraschak v. Haraschak,* 268 Pa.Super. 173, 407 A.2d 886 (1979); *Tomlinson v. Tomlinson,* 248 Pa.Super.Ct. 196, 204, 374 A.2d 1386, 1390 (1977); *Sweeny v. Sweeny,* 241 Pa.Super. 235, 361 A.2d 302 (1976). Such cases are rare, however, and the usual course is to remand the case to permit the lower court to receive further evidence, if that is indicated, and to file a more comprehensive opinion setting forth its reasons, including its findings as to the credibility of the witnesses and the weight to be attached to the testimony. See *Kimmey v. Kimmey,* 269 Pa.Super. 346, 409 A.2d 1178 (1979); *Garrity v. Garrity,* 268 Pa.Super. 217, 407 A.2d 1323 (1979); *Lewis v. Lewis,* 271 Pa.Super. 519, 414 A.2d 375 (1979).

We therefore are constrained to remand this case to the Court of Common Pleas of Beaver County, Pennsylvania, Civil Division, with instructions that it file an opinion in support of its February 9, 1978 order.

By our discussion above we do not in any way intend to set any limit upon the hearing to be conducted after the case is remanded. Indeed, determinations as to child custody are temporary and "subject to such change as changed conditions may require." *McCann v. McCann,* 270 Pa.Super. 171, 178, 411 A.2d 234, 238 (1979). Thus all evidence in any way

probative with respect to the questions of the relative fitness of the parties and the best interests of Anthony should be considered, including evidence of any events that have occurred since the hearing on February 9, 1978.

Reversed and remanded for further proceedings consistent with this opinion.