[Civ. No. 59401. Second Dist., Div. Four. Apr. 30, 1981.]

KIMBERLY ANNE LOUDEN, a Minor, etc., Plaintiff and Appellant, v.
OWEN C. OLPIN, Defendant and Respondent.

566

---

**COUNSEL**

James H. Griffin for Plaintiff and Appellant.

Jerome L. Goldberg and Lesley A. Andrus for Defendant and Respondent.

OPINION

**KINGSLEY, Acting P. J.**—Plaintiff appeals from a judgment (order of dismissal) and from a subsequent order. We affirm the judgment and the order.

Appellant, Kimberly Anne, by and through her mother as guardian ad litem, brought this action alleging that respondent (her father) has a duty to visit his child and has failed to do so. Respondent is the adjudicated father of appellant and has furnished monetary support to her since a paternity action was completed. Appellant's mother and father have never been married and appellant resides with her mother.

In the present action, the court, on its own motion and without notice, ordered the file in this action sealed.

The issues on appeal are whether a child can compel her noncustodial parent to visit with her and whether the judge lacked jurisdiction to designate the file confidential.

I

■ Appellant bases her argument that she can compel respondent to visit her on Civil Code section 7000 et seq., (the Uniform Parentage Act). This act governs the parent-child relationships and the rights and duties flowing from the relationship including visitation rights. Section 7006 provides for the establishment of the parent-child custody relationship and section 7010 provides that the judgment may include "... any other provision directed against the appropriate party to the proceeding, concerning the duty of support, the custody and guardianship of the child, visitation privileges with the child...." Nowhere in the Uniform Parentage Act does it state that the child has the right to compel visitation privileges. The act has been interpreted to mean that the father can seek and obtain visitation rights with his child regardless of the marital status of the parents. Appellant relies on *Griffith* v. *Gibson* (1977) 73 Cal.App.3d 465 [142 Cal.Rptr. 176] in which the court stated (at p. 471): "We therefore conclude the Uniform Parentage Act, section 7006 and 7010, in clear and unmistakable language, grants a right to the father here to bring an action to establish the child-parent relationship ...." *Griffith* involved an action in which the father of a child born out of wedlock wished to have visitation rights even though he was not a presumed father under the Civil Code. The court held that

the father may have visitation rights regarding the child. The court stated that it was a right of the father; nowhere did they state that it was the right of the child. Appellant wishes us to extend that holding to include a reciprocal right on the part of the child in that she may compel the noncustodial parent to visit. This we decline to do. There is neither statutory nor case law to support such a contention. Appellant relies on *Griffith* v. *Gibson, supra,* and Civil Code section 7002 in that the "parent and child relationship extends equally to every child and to every parent regardless of the marital status of the parent." While this is true, it is inapplicable here. The court cannot compel a noncustodial parent on dissolution of a marriage to care for and love and visit with the child. The court can only compel the parent to provide monetary support. The children are not being treated differently based on the marital status of their parents; the court simply lacks the authority to compel this sort of behavior. In *Salas* v. *Cortez* (1979) 24 Cal.3d 22 [154 Cal.Rptr. 529, 593 P.2d 226], a case which involved whether counsel must be appointed for an indigent defendant, the dissenting opinion stated (at p. 41): "It seems self-evident that the central issue in paternity suits is neither the establishment nor maintenance of the family unit nor the parent's bond with the child. What is at stake is money. . . . The state cannot, despite the majority's allusion to 'moral' obligations, order a man to act as a father; it can only designate him as such. . . ." Respondent has been designated as the father and he has duties and obligations to fulfill, but the fact remains that the court cannot order him to act as a father. While it is true that the state has a public policy interest in wanting parents and children to be together, it still remains that the court cannot order the family to stay together. Appellant argues that compelling the father to visit now will make him love the child and in time his visits will become voluntary. This may or may not occur, but in any event it is not up to the courts to make such a decision.

California creates in a parent a right and privilege to visit the child. This right is not, however, reciprocal. Appellant has cited many cases from California and foreign jurisdictions in which visitation has been compelled. Such compulsion was made on behalf of a parent, not a child. The noncustodial parent can compel a minor child to visit. This does not apply to a child who has reached majority, even if that child is still receiving support from the parent. (See *Fernald* v. *Fernald* (1973) 224 Pa.Super. 93 [302 A.2d 470].) No case has been cited in which a parent has been ordered to visit his child. Appellant urges us to create a

reciprocal right in children to order visitation and relies on *Stanley* v. *Illinois* (1972) 405 U.S. 645 [31 L.Ed.2d 551, 92 S.Ct. 1208] for that proposition. *Stanley* recognized the constitutional rights in the unwed father to his natural child. The court did not decide whether the right is reciprocal in the child and such a conclusion does not naturally flow. The equal protection clause of the United States Constitution, as interpreted, provides that unwed fathers and wed fathers must be treated equally. The same applies to children, regardless of the marital status of their parents. It has not been interpreted, either by the United States Supreme Court or any other court, that the parents and the children have the *same* rights. Appellant's reliance on *In re Gault* (1967) 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428] is misplaced. *In re Gault* concerned a criminal defendant who was convicted without due process. This is not the case before us. The child here does not have the right to compel visitation by a parent; due process arguments are inapplicable.

For the foregoing reasons the superior court was correct in sustaining respondent's demurrer for failure to state a cause of action. We affirm that judgment.

## II

■ The issue remaining is whether the judge in the paternity action lacked jurisdiction to order the file sealed. The judge in the paternity action filed a declaration of prejudice and another judge was designated to hear the case. Several months later appellant filed her action to compel visitation. At that time the judge who previously declared prejudice in the paternity action ordered the file designated confidential. This action was not improper. The purpose of designating a file confidential is to protect the parties from the outside world knowing about the proceedings. This purpose was accomplished and it is irrelevant that he was previously disqualified for prejudice. Appellant has not been prejudiced by such action; she has been protected. Civil Code section 7014 provides in pertinent part: "... All papers and records, other than the final judgment, pertaining to the action or proceeding, whether part of the permanent record of the court or of a file in any public agency or elsewhere, are subject to inspection only in exceptional cases upon an order of the court for good cause shown." The whole purpose of this section is to protect the child and this purpose has been accomplished. There has been no showing of prejudice toward appellant in the entering of this order.

The order designating the file confidential is affirmed.

The judgment and order appealed from are affirmed.

Woods, J., and Early, J.,* concurred.

A petition for a rehearing was denied May 18, 1981, and appellant's petition for a hearing by the Supreme Court was denied June 24, 1981.

*Assigned by the Chairperson of the Judicial Council.