462 A.2d 1386

**NANCY E.M., Appellant,**

**v.**

**KENNETH D.M.**

Superior Court of Pennsylvania.

Argued March 29, 1983.

Filed July 15, 1983.

352

Dennis V. Williams, Erie, for appellant.

Donald W. Grieshober, Erie, for appellee.

Before CAVANAUGH, BROSKY and MONTGOMERY, JJ.

PER CURIAM:

This is an appeal from an order awarding custody of the parties' minor sons, David and Kevin, to their father, Kenneth. The same order provides for continuing custody of the minor daughter Lisa with the mother, Nancy. Lisa's custody is not the subject of this appeal. Visitation by Nancy with David is to be at David's desire and visitation with Kevin is set at two six-hour visits per week "or more often if desired by the child." David will be eighteen years old on August 19, 1983 and Kevin will be ten on September 19, 1983.

On appeal, Nancy asserts: (1) that the evidence is insufficient to justify an award of custody to Kenneth; (2) that it was error to limit her visitation with David to only those times when David desires; and (3) that the visitation with Kevin as set forth in the order is so restrictive as to be a virtual denial of visitation for which there is no justification. We affirm in part and reverse and remand in part.

The parties were married in 1972 and divorced in January 1980.[1] Their separation and subsequent divorce was marked by allegations of physical and verbal abuse from both parties and stormy arguments sometimes witnessed by the children.[2] Their relationship continues to be extremely strained and it is apparent even from the cold record that they are unable to behave civilly to one another, regardless of the effect this may have on their children. Unfortunately, the children have been affected. At approximately the same time as the divorce was granted, and at a time when both parties and all three children were still residing in the marital home, David left home and stayed at his grandparents', where he remained for about a month. After the parties had established separate residences, David went to live with his father where he remains. He has had little contact with his mother and does not wish to have any visitation with her. Kevin and Lisa have resided with Nancy, spending weekends with Kenneth.

This action was initiated on August 30, 1979, and the first hearing was held in June of 1980. The Honorable Lindley R. McClelland entered an order of custody which was appealed to this court. The matter was remanded for further evidentiary hearings which were held in June of 1982 before the Honorable Richard L. Nygaard. It is Judge Nygaard's order which is the subject of the instant appeal.[3] In all, four experts testified at the different hearings, although only two experts testified at the most recent hearing. In

1. Kenneth is the biological father only of Kevin. However, early in the marriage he adopted David and Lisa and so we treat him the same as if he were their biological father.

2. The problems became so severe as to lead one expert to seriously consider foster home placement for the children.

3. The dissent would have us remand this case yet another time for the filing of a comprehensive opinion by the trial judge. While we agree that the trial court's opinion is not the comprehensive opinion envisioned by this court in *In re Custody of White,* 270 Pa.Super. 165, 411 A.2d 231 (1979), we have the authority to consider the merits of a case if the record is sufficiently complete, even in the absence of a comprehensive opinion. *Commonwealth ex rel. Oxenreider v. Oxenreider,* 290 Pa.Super. 63, 434 A.2d 130 (1981).

addition, the court heard from both parties, their family and friends, and interviewed each of the children twice. Most of the evidence presented by Nancy consisted of a recital of the reasons that led to the divorce and accusations that Kenneth was turning the children against her. There was also testimony that Nancy has moved several times in the two years since the divorce and that on occasion the children have been left alone due to either her work or her social activities. In addition, the youngest child had witnessed Nancy and a male friend in a romantic encounter which disturbed and confused him. All of the children are bright and articulate children, who do reasonably well in school, although David has had some serious behavioral problems. At the most recent hearing, the record shows that these problems have been somewhat alleviated and he is getting along better in school. David was adamant in his desire to remain with his father. His lack of contact with his mother stems from disparaging remarks she continues to make about his father and about his desire to live with his father. He testified that he loves his mother but does not want to visit with her until she stops harassing him. Kevin also expressed a strong desire to live with his father, although he would like to continue to see his mother. The expert testimony presented at the June hearing strongly supports the boys' desire, for a variety of reasons, including the fact that the boys view their father as a more stable person and the household as a more secure one. Kevin also was viewed by the experts as unable to express his feelings about his father to his mother for fear that it would upset her, although Nancy did testify that, when he returned from one psychological evaluation, he tearfully told her that he had told the psychiatrist he wanted to live with his father. There was more than sufficient evidence presented to warrant the trial judge in finding that Kenneth is fulfilling his parental role insofar as the children's schooling, religious training and everyday care is concerned.

It is well-settled that the sole issue to be decided in a custody proceeding is the best interest and welfare of the

child. *Wenger v. Wenger,* 267 Pa.Super. 134, 406 A.2d 555 (1979). Hostilities between the parents are relevant only insofar as they constitute a threat to the child or affect the child's welfare. *Dena Lynn F. v. Harvey H.F.,* 278 Pa.Super. 95, 419 A.2d 1374 (1980); *Commonwealth ex rel. Peterson v. Hayes,* 252 Pa.Super. 487, 381 A.2d 1311 (1977). The decision must be made on the basis of current facts and not the past conduct of the parties. *In re Leskovich,* 253 Pa.Super. 349, 385 A.2d 373 (1978). In addition, while we exercise a broad scope of review in custody matters, we are not free to nullify the fact-finding function of the trial judge and must defer to his findings where they involve the credibility of witnesses. *Commonwealth ex rel. Spriggs v. Carson,* 470 Pa. 290, 368 A.2d 635 (1977).

■■■ In the instant case, our review of the record reveals more than sufficient evidence to support Judge Nygaard's order as to primary custody. For the most part, the arguments contained in appellant's brief are to the effect that the trial court should have accepted her testimony.[4] Where there is conflicting testimony, however, the decision of what testimony to believe must be left to the trial judge who had the opportunity to observe the demeanor of the witnesses and actually hear the testimony. *Commonwealth ex rel. Barbara M. v. Joseph M.,* 286 Pa.Super. 51, 428 A.2d 567 (1981). In addition, Nancy argues that the trial judge erred in not accepting the recommendation of Dr. Sternlieb who testified at the June 1980 hearing. The trial judge is, of course, free to accept or reject an expert's testimony. *Martin v. Soblotney,* 296 Pa.Super. 145, 442 A.2d 700 (1982). In addition, we note that both of the experts presented at the more recent hearing recommended that Kenneth be awarded custody of both David and Kevin. Since their evaluations were made at a more recent time, their recommendation was naturally given more weight.

---

4. For example, appellant argues that the evidence shows that Kenneth will discourage the children from maintaining a relationship with their mother. Kenneth, on the other hand, testified that he in fact encouraged such a relationship.

We therefore affirm that part of the order granting custody of David and Kevin to their father Kenneth.

Appellant also complains of the restrictiveness of her visitation with both Kevin and David. Visitation with Kevin was set at two six-hour visits per week or more often if desired by the child and such can be arranged by the parents. Visitation with David was to be only as often as is desired by the child.

Visitation should be limited or denied only if the parent has been found to possess such severe mental or moral deficiencies as to constitute a grave threat to the welfare of the child. *Commonwealth ex rel. Peterson v. Hayes, supra.* The fact that the child does not want to see the parent is not sufficient reason to deny the parent visitation. *Fernald v. Fernald*, 224 Pa.Super. 93, 302 A.2d 470 (1973). However, the particulars of a visitation schedule is a matter best left to the discretion of the trial court. *Scarlett v. Scarlett*, 257 Pa.Super. 468, 390 A.2d 1331 (1978).

As to Kevin, therefore, we see no error in the court's order of two six-hour periods per week, particularly since the court included a provision for further visitation if so desired. The order, therefore, is affirmed as to appellant's visitation with Kevin.

As to David, however, we must agree with appellant that ordering visitation at the child's desire is tantamount to denying appellant her visitation rights. Neither party has alleged, nor are we able to find, any evidence that visitation with David would constitute a grave threat to his welfare. In fact, one expert who testified at the 1982 hearing felt that some visitation was appropriate. Therefore, we must reverse that portion of the order pertaining to appellant's visitation with David and remand for further proceedings consistent with this opinion.[5] Although appel-

5. We recognize that any visitation order will be unenforceable once David turns 18 this August. However, because of the strong public policy against limiting the relationship between parent and child, *In re*

lant asks that we direct the trial court to order counseling as well, we believe that is a matter more properly left to the discretion of the trial court.

Order affirmed as to custody of David M. and Kevin M., affirmed as to Nancy M.'s visitation with Kevin, reversed and remanded for further proceedings consistent with this opinion as to Nancy M.'s visitation with David M.

BROSKY, J., files a dissenting opinion.

BROSKY, Judge, dissenting:

I respectfully dissent. I believe that the opinion of the lower court is far too inadequate to allow a proper review of the case and, accordingly, would remand the case for entry of a comprehensive opinion.

> So as to facilitate our broad scope of review, we consistently emphasize that the lower court must provide us with a complete record and a comprehensive opinion which contains a thorough analysis of the record and specific reasons for the court's ultimate decision. *Hugo v. Hugo*, 288 Pa.Super. 1, 430 A.2d 1183 (1981); *Garrity v. Garrity, supra* [268 Pa.Super. 217, 407 A.2d 1323 (1979)]. The lower court's opinion must address the testimony and the law; it must indicate the grounds for selecting the particular findings, and the reasoning process by which the judge reached his ultimate conclusion. *Jones v. Floyd*, 276 Pa.Super. 76, 419 A.2d 102 (1980); *In re Custody of White*, 270 Pa.Super. 165, 411 A.2d 231 (1979). The lower court's opinion must also clearly demonstrate the necessity for placing custody with either the petitioner or respondent. *Robert H.H. v. May L.H.*, supra [293 Pa.Super. 431, 439 A.2d 187 (1981)].

*Commonwealth ex rel. Newcomer v. King*, 301 Pa.Super. 239, 245, 447 A.2d 630, 633 (1982).

If the above requirements are not met, the order of the lower court must be reversed and remanded. *Jones v.*

*Stuck*, 291 Pa.Super. 61, 435 A.2d 219 (1981), we are reluctant to deny Nancy visitation even for such a short period of time.

*Floyd,* 276 Pa.Super. 76, 419 A.2d 102 (1980).[1] In the instant case, the opinion of the lower court falls far short of these requirements. The opinion is a scant three pages of which only half contains findings by the court. The court's statements for the most part are mere conclusions; no analysis of the testimony of the witnesses is provided. The only reference to the testimony is the court's statement that it based its determination of Kevin's custody upon the testimony and demeanor of both parents and the recommendation of the two psychologists who testified in that proceeding.

The majority states that "[t]here was more than sufficient evidence presented to warrant the trial judge in finding that Kenneth is fulfilling his parental role insofar as the children's schooling, religious training, and everyday care is concerned." While I do not disagree that there indeed may have been sufficient evidence for the trial judge to so conclude, I find the problem to be that the trial judge made no such express finding, nor even discussed the subject.

Likewise, the majority states that while appellant argues that the trial court should have accepted her testimony, the decision of what testimony to believe must be left to the trial judge. However, I find that we have been offered

1. In some cases where the lower court has failed to file a proper opinion in support of its custody decision, we have not remanded the case, but instead decided the question of custody based upon our own examination of the record. See *Haraschak v. Haraschak,* 268 Pa.Super. 173, 407 A.2d 886 (1979); *Tomlinson v. Tomlinson,* 248 Pa.Super.Ct. 196, 204, 374 A.2d 1386, 1390 (1977); *Sweeney v. Sweeney,* 241 Pa.Super. 235, 361 A.2d 302 (1976). Such cases are rare, however, and the usual course is to remand the case to permit the lower court to receive further evidence, if that is indicated, and to file a more comprehensive opinion setting forth its reasons, including its findings as to the credibility of the witnesses and the weight to be attached to the testimony. See *Kimmey v. Kimmey,* 269 Pa.Super. 346, 409 A.2d 1178 (1979); *Garrity v. Garrity,* 268 Pa.Super. 217, 407 A.2d 1323 (1979); *Lewis v. Lewis,* 271 Pa.Super. 519, 414 A.2d 375 (1979).
*Commonwealth ex rel. Crowther v. Waida,* 272 Pa.Super. 73, 75, 414 A.2d 675, 676 (1979); see *McAnallen v. McAnallen,* 300 Pa.Super. 406, 446 A.2d 918 (1982) (merits considered despite inadequate lower court opinion where record was comprehensive and essential facts not in dispute).

little, if any, guidance as to what testimony the trial judge did believe. For example, as the majority points out, the testimony below conflicted as to whether Kenneth would encourage or discourage the children from maintaining a relationship with their mother. There is absolutely no discussion nor findings of credibility as to this issue in the trial court's opinion.

Therefore, I conclude that I must agree with the court in *In re Custody of White*, 270 Pa.Super. 165, 411 A.2d 231 (1979), which stated the following:

> While we might review the record and reach a conclusion without the benefit of a proper analysis by the lower court, such a course would serve neither the best interests of the children nor the Commonwealth. We are loath to pass judgment on something as precious and intrinsically valuable as a child's welfare without every possible piece of information bearing on the subject. It is for this reason that we demand a full record and a probing analysis thereof. Instantly, the opinion we are presented with renders it impossible to effect a just result.

*Id.*, 270 Pa.Superior Ct. at 170, 411 A.2d at 234.

Thus, I would remand for entry of a comprehensive opinion.