487 A.2d 417

**Connie R. DELBAUGH**

**v.**

**David L. DELBAUGH, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 20, 1984.

Filed Jan. 18, 1985.

Maxine K. Lewis, Harrisburg, for appellant.

Wayne A. Bromfield, Lewisburg, for appellee.

Before WICKERSHAM, WIEAND and HESTER, JJ.

WICKERSHAM, Judge:

David L. Delbaugh appeals from the order of the Court of Common Pleas of Snyder County awarding joint custody of his son, Matthew, to him and his wife, Connie.

David and Connie Delbaugh were married on August 22, 1964. Their only child, Matthew, the subject of this dispute, was born on April 9, 1980. Connie filed a divorce complaint on June 23, 1983, requesting custody of Matthew in Count V thereof. She also filed a petition to confirm custody on June 30, 1983. A custody hearing was held on November 16, 1983. Because all of the witnesses did not have an opportunity to testify, the hearing was continued and an interim order dated November 16, 1983 was entered, award-

ing joint custody to the parties with provisions concerning the child's nursery school, holidays, and extra periods of visitation for the noncustodial parent. Because the presiding judge was not retained in the election held a week or two prior to the custody hearing, counsel stipulated to the completion of the record by deposition. A final order was entered on December 29, 1983. This order was substantially a rewording of the order of November 16, 1983.[1] No opinion was written by the presiding judge.

Appellant presents two issues for our consideration:

I.   Is it appropriate that this honorable court review the custody order of December 29, 1983 despite the absence of an opinion?

II.  Is it in the best interest of the child that the father be awarded sole custody of the child?

(A)  Has the father been the primary caretaker?

(B)  Is the father better able to provide continuity and stability?

---

1. The final order reads, in pertinent part:

    AND NOW, this 29th day of December, 1983, it is ORDERED that custody of Matthew W. Delbaugh be and is hereby awarded on a joint custody basis as follows:

    1. Commencing Wednesday, November 16th, 1983, until Wednesday evening, November 23, 1983, at 6:00 o'clock p.m. physicial [sic] custody of Matthew W. Delbaugh is awarded to the natural mother, Connie R. Delbaugh, and on alternate weeks thereafter;

    2. Commencing Wednesday, November 23, 1983, at 6:00 o'clock p.m. until Wednesday, November 30, 1983, at 6:00 o'clock p.m. physical custody of Matthew W. Delbaugh is awarded to the natural father, David L. Delbaugh, and on alternate weeks thereafter;

    3. The child shall continue to attend the Nursery School he is now attending until further order of Court;

    4. That the mother have temporary physical custody of the child during weeks that the child attends Nursery School when the father has physical custody in order to transport the child to Nursery School and to have the child temporarily on hours when the child is not in attendance at Nursery School and the father is attendant at his occupation; the father to have temporary physical custody of the child during weeks in which the child attends Nursery School and the mother has physical custody on occasions when the mother is out of the area on school affairs. . . .

    The final two paragraphs of the order discuss visitation and custody on various holidays.

Brief for Appellant at 5. We find that because of the unique circumstances of this case, most important of which is the absence of an opinion by the hearing judge, we cannot address the merits of this appeal. Accordingly, we will not discuss appellant's second issue.

■ Preliminarily, we note that appellate review in child custody cases is of the broadest type. *Commonwealth ex rel. Robinson v. Robinson,* 505 Pa. 226, 478 A.2d 800 (1984).·

However, we have also taken great care to stress: "... (T)his broader power of review was never intended to mean that an appellate court is free to nullify the factfinding function of the hearing judge..."

\* \* \* \* \* \*

"... (W)e have recognized that the trial judge is in a position to evaluate the attitude, sincerity, credibility, and demeanor of the witness. Because we are not in such a position, we have recognized that a trial judge's determination of custody should be accorded great weight. *Only where we are constrained to hold that there was a gross abuse of discretion should an appellate court interfere with the decisions of the hearing judge ...*" (Citation omitted; emphasis added.).

*Id.,* 505 Pa. at 236–237, 478 A.2d at 806.

■ To facilitate our review of custody cases, we require the hearing judge to file *"in every such case* a comprehensive opinion reflecting a thorough analysis of the record as a whole and specifying the reasons for its ultimate decision." *Commonwealth ex rel. Crowther v. Waida,* 272 Pa.Super. 73, 74, 414 A.2d 675, 676 (1979) (citations and quotations omitted; emphasis in original). Instantly, we have before us no findings of fact, no conclusions, no analysis of the record, and no statement of reasons for the custody award. When the opinion of the lower court is inadequate, the standard procedure is to remand the case to the lower court for the filing of a comprehensive opinion discussing fully the merits of the case. *See V.B. v. M.L. T.B.,* 321 Pa.Super. 36, 467 A.2d 880 (1983); *Common-*

*wealth ex rel. Crowther v. Waida, supra; Kimmey v. Kimmey,* 269 Pa.Super. 346, 409 A.2d 1178 (1979); *Commonwealth ex rel. Ulmer v. Ulmer,* 231 Pa.Super. 144, 331 A.2d 665 (1974).

We recognize, however, that in some cases where the lower court has failed to file an adequate opinion in support of its custody decision, we have not remanded the case, but have decided the question of custody based upon our own examination of the record. *See Parks v. Parks,* 284 Pa.Super. 400, 426 A.2d 108 (1981); *Commonwealth ex rel. Husack v. Husack,* 273 Pa.Super. 192, 417 A.2d 233 (1979); *Tomlinson v. Tomlinson,* 248 Pa.Super. 196, 374 A.2d 1386 (1977). In *Parks, supra,* the judge who had conducted the hearings resigned from the bench. The appellate court, faced with a deficient opinion, decided not to remand, but rather, engaged in a comprehensive review of the complete record. Similarly, in *Husack* (where the hearing judge was elevated to the appellate court) and in *Tomlinson* (where the hearing judge retired), the appellate court decided that despite inadequate opinions, the records were sufficiently complete to enable the court to judge where the merits of the appeals lay. Instantly, appellant argues that the record is complete, and since the hearing judge is no longer on the bench, we should not remand this case to the lower court. We disagree.

First, we note that in all of the cases in which this court has decided not to remand despite an inadequate opinion, there existed some form of opinion discussing various aspects of the case. Instantly, we have absolutely no indication of the reasons for the award, no findings of fact, and no evaluation of the credibility of the witnesses. We, as an appellate court, are not in a position to make findings of fact or determine the credibility of the witnesses' testimony. Without some indication of the reasons for the award or the weight given the various pieces of evidence, we cannot determine whether the court committed an abuse of discretion.

Second, it seems that both parties are dissatisfied with at least a portion of the custody award. Counsel indicated that in some respects the joint custody situation is not operating smoothly. Further, Dr. Stanley Schneider testified on the record that there are situations in which joint custody awards will not work. Again, because of the absence of an opinion, we cannot determine what facts prompted the hearing judge's decision to make an award of joint custody rather than give sole custody to one of the parties.

We recognize that to remand now means not merely a remand for a fuller opinion, but rather to start the proceedings all over again. This is necessitated by the fact that the presiding judge is no longer on the bench. We find it extremely unfortunate that the proceedings must be renewed in the lower court, but we see no acceptable alternative. We cannot review the record of this case without some findings of fact and a determination of witness credibility.

> The difficulty with this case is that the lower court has not discussed the basis of the decision nor the evidence. In these circumstances we find ourselves unable to discharge our responsibility in good conscience. We might, independent of guidance by a thorough decision of the lower court, either affirm or reverse. We perceive this to do violence to the rights of the parties to have their case weighed and decided by the trier of facts and determiner of credibility, i.e., the lower court. And even more important, such a course of action on our part would not properly recognize the great interest of this Commonwealth in the best interests and welfare of [the child]. These considerations require that we refer this case back to the court below for further review and determination of the best interests and welfare of [the child].

*Commonwealth ex rel. Ulmer v. Ulmer, supra,* 231 Pa.Super. at 147, 331 A.2d at 667. *Also see Summers v. Summers,* 273 Pa.Super. 285, 417 A.2d 651 (1979); *Common-*

*wealth ex rel. Crowther v. Waida, supra; Kimmey v. Kimmey, supra.*

Reversed and remanded for further proceedings not inconsistent with this opinion. Jurisdiction is relinquished.