# Fetter v. Fetter

*William Jeffrey Leonard,* for plaintiff.
*Timothy J. McCormick,* for defendant.

BLAHOVEC, *J.,* February 6, 1991—This matter is the second case to come before the court as the result of Operation Desert Storm. Both cases involve the modern phenomenon of mothers going off to war and leaving fathers and children behind. Because there is the very real possibility that more of these cases might arise in the near future, certain issues will be discussed herein.

In the present case, the mother of the two boys in question (ages 9 and 6) is a member of the Air Force Reserves. As a trained nurse, she has received a call to active duty. This court heard the original custody case in this matter and awarded shared legal custody to the parents by order dated November 13, 1986. Primary physical custody of the boys was awarded to mother who was a resident of Greenback, Tennessee. Father received partial physical custody. It

is undisputed that the boys have lived with their mother in Greenback, Tennessee since about January 1986. Mother is remarried and lives near her parents who have helped care for the boys.

Upon learning that mother might be called to active military duty, father filed a petition for modification of custody order. Father wants physical custody of the boys during any period of time in which mother is called to active duty. It should be noted that in the order of November 13, 1986, this court simply stated: "This court retains jurisdiction to modify this order."

Mother has defended the action on two fronts. She initially caused to be filed preliminary objections to the petition for modification. Subsequently, she caused a motion for stay of proceedings to be filed based upon the provisions of the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C. app. §521. If the action must be stayed, the other issues become moot at this point in time.

There is some dispute as to the actual status of mother at this time. Her counsel has represented that she has been called to active duty. Counsel for father states she has not left yet. This decision is based on the assumption that mother's reporting to active duty is imminent. Otherwise, there would be no reason for the parties to be before the court.

Section 521 of the act provides:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service . . . may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed . . . unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his

defense is not materially affected by reason of his military service."

Father says the act should not apply since he is not seeking a final adjudication of a custody issue. He merely wants to keep the boys until mother returns. Mother states she wants input into the matter of where the boys reside, even on a temporary basis.

The present action involves custody of minor children, and that is true whether physical custody is awarded on a temporary or permanent basis. It is well-settled that the sole issue to be decided in a custody proceeding is the best interest and welfare of the child. *Wenger v. Wenger,* 267 Pa. Super. 134, 406 A.2d 555 (1979). No higher duty is imposed upon the courts of this Commonwealth than the duty imposed under the venerable theory of parens patriae to look to the protection of children. The mere fact that one of the parties is in the military cannot preclude the court from inquiring into the best interest of minor children.

Clearly the interests of those charged with the duty of serving this nation must be protected. But those interests must be balanced against the paramount concern of the court for the best interest of the children. In short, the duty of the court cannot be stayed for the duration of the term of military service. Scrupulous protection of the interest of the person in the military can be afforded without the court merely turning away from the best interest of the children and refusing to get involved in an inquiry. The request for stay must be denied.

The remaining question deals with the preliminary objections. Father argues this case is not about custody so much as where the boys reside while mother is away. In a previous case involving an infant, this court ruled that if mother cannot care for

the baby because of a call to duty, the father should care for the child, unless his inability to do so is established. That case is distinguishable from the present case wherein we have school age children who have lived in Tennessee for five years and have extended family there. Perhaps they should be with father. Perhaps removing them from their home will not compound the turmoil in their lives caused by the temporary removal of their mother from their daily lives. Perhaps such a removal will compound their pain. In short, a best interest inquiry must be made prior to the move. Is Westmoreland County, Pennsylvania the proper forum?

It must be recalled that in the order of November 13, 1986, this court retained jurisdiction to modify the order. Clearly this court has jurisdiction to modify its own order but as clearly the retention of jurisdiction was not intended by this court to mean that the case must remain here indefinitely.

Prior to the exercise of jurisdiction, a court is required to assess whether it is the most appropriate forum to determine the child's best interest. 42 Pa.C.S. §5348. The statute provides direction for a court in determining if it is an inconvenient forum, including consideration of whether it is in the interest of the child that another state assume jurisdiction. Factors to consider, as set forth in section 5348(c), include:

(1) If another state is the home state of the child. Clearly Tennessee is the home state of the children in this case.

(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants. Clearly Tennessee has a closer connection with the children, their maternal extended family and mother than Pennsylvania.

(3) If substantial evidence concerning the present or future care, protection, training and personal relationship of the child is more readily available in another state. Clearly substantial evidence about the children's daily activities, education, medical care, and extracurricular activities is available in the state where the boys have lived for the last five years.

The statue further provides that before determining whether to decline or retain jurisdiction, the court may communicate with the court of another state and attempt to assure that jurisdiction will be exercised by the more appropriate court. This court has communicated by phone with the Honorable Judge Russell Simmons of the Circuit Court in Loudon County, Tennessee. Judge Simmons agreed with this court that Tennessee is the more appropriate forum to resolve this matter.

Father cites the Parental Kidnapping Prevention Act, 28 U.S.C. §1738A for the proposition that this court must retain jurisdiction in this matter. He further cites *Barndt v. Barndt,* 397 Pa. Super. 321, 580 A.2d 320 (1990), to support his view that this court has *exclusive* jurisdiction to hear this matter. Section 1738(f) provides that a court of a state may modify a determination of the custody of the same child made by the court of another state if:

(1) It has jurisdiction to make such a child custody determination; and

(2) The court of the other state no longer has jurisdiction, *or it has declined to exercise such jurisdiction* to modify such determination.

A reading of the UCCJA, the federal statute and *Barndt* all lead to the conclusion that custody cases should be heard in the most appropriate forum. In this case, that forum is in Tennessee.

As a postscript, in military service cases in the future this court will try to balance certain considerations:

(a) Children should be with their parents.

(b) Children whose parents are taken away by a call to military service have already suffered a traumatic disruption to their lives; further disruption should be kept to a minimum.

(c) The polestar in all cases must continue to be the best interest of the children involved.

(d) The rights of persons in the service of our country must be carefully guarded and subordinated only to the state's determination of what is in the best interest of minor children in these cases.

Hopefully, the conflict will soon end and no further decisions of this type need be made. The court can only hope that parents thrust into these situations will not use circumstances to gain a strategic advantage. Rather, they should do everything in their power to minimize the trauma to these children who have become new casualties of war.

## ORDER OF COURT

And now, February 6, 1991, after hearing, it is hereby ordered and decreed as follows:

(1) Motion for stay of proceedings filed on behalf of defendant is denied.

(2) This court declines to exercise further jurisdiction in this matter to modify the order of November 13, 1986 on the basis that Westmoreland County, Pennsylvania is an inconvenient forum.

(3) Further modification of the order of November 13, 1986 should be sought in the home state of the children, Tennessee.