J-A05031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| F.P.M., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| F.P.M., III AND H.O.M., | |
| Appellee | No. 2529 EDA 2015 |

Appeal from the Order Entered July 15, 2015
In the Court of Common Pleas of Bucks County
Civil Division at No(s): A06-13-61732-C-35

BEFORE:  OLSON, J., OTT, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:               **FILED April 21, 2016**

Appellant, F.P.M. ("Paternal Grandfather"), the paternal grandfather of M.M. (born March of 2009) ("Child"), appeals from the order entered on July 15, 2015, denying his petition for partial custody. Paternal Grandfather argues the trial court erred in denying his petition for partial custody and failing to find that partial custody was in the best interest of Child. We vacate the order and remand for further proceedings.

In its opinion, the trial court has adequately set forth the relevant factual and procedural history underlying the instant matter, and we adopt it for purposes of this appeal. *See* Trial Court Pa.R.A.P. 1925(a) Opinion, 10/19/15, at 1-3.

In custody cases,

*Former Justice specially assigned to the Superior Court.

our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*C.R.F. v. S.E.F.*, 45 A.3d 441, 443 (Pa.Super. 2012) (citation omitted).

Additionally,

[t]he discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

*Ketterer v. Seifert*, 902 A.2d 533, 540 (Pa.Super. 2006) (citation omitted).

Section 5328(c)(1) of the Child Custody Act requires a court to consider the following factors in considering custody complaints filed by grandparents and great-grandparents:

(i) the amount of personal contact between the child and the party prior to the filing of the action;

(ii) whether the award interferes with any parent-child relationship; and

(iii) whether the award is in the best interest of the child.

23 Pa.C.S. § 5328(c)(1)(i)-(iii).  Section 5328(a) provides a non-exhaustive list of factors that trial courts **must** consider when making a "best interests of the child" analysis for a custody determination.  ***See*** 23 Pa.C.S. § 5328(a)(1)-(16).  Specifically, Section 5328(a) provides as follows:

**§ 5328. Factors to consider when awarding custody**

**(a) Factors.**—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a) (bold in original).

In deciding Paternal Grandfather's petition for partial custody, the trial court was required to conduct a thorough analysis of the best interests of Child. "All of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order." *J.R.M. v. J.E.A.*, 33 A.3d 647, 652 (Pa.Super. 2011) (emphasis omitted).

Our review of the record confirms that the trial court did not address the factors set forth in Section 5328(a). Rather, the trial court primarily focused on the hostilities between the parties, as well as the fact that, because Father is a fit parent, it is within Father's right as a parent to decide the manner in which Paternal Grandfather may visit Child. However, as this Court has recently held:

"[I]n the recent past, grandparents have assumed increased roles in their grandchildren's lives and our cumulative experience demonstrates the many potential benefits of strong inter-generational ties." *Hiller v. Fausey*, 588 Pa. 342, 360, 904 A.2d 875, 886 (2006), *cert. denied,* 549 U.S. 1304, 127 S.Ct. 1876, 167 L.Ed.2d 363 (2007). Thus:

> While acknowledging the general benefits of these relationships, we cannot conclude that such a benefit always accrues in cases where grandparents force their way into grandchildren's lives through the courts, contrary to the decision of a fit parent. In contrast, however, **we refuse to close our minds to the possibility that in some instances a court may overturn even the decision of a fit parent to exclude a grandparent from a grandchild's life**[.]

*Id.* at 360, 904 A.2d at 886–87 (internal footnote omitted) (emphasis added).

Additionally, in the context of custody proceedings, "[h]ostilities between the [parties] are relevant only insofar as they constitute a threat to the child or affect the child's welfare." *Nancy E.M. v. Kenneth D.M.*, 316 Pa.Super. 351, 462 A.2d 1386, 1388 (1983) [(*per curiam*)].

*K.T. v. L.S.*, 118 A.3d 1136, 1160-61 (Pa.Super. 2015) (citation omitted) (emphasis in original).

Based on the aforementioned, we conclude the trial court did not adequately explain the application of the Section 5328(a) factors to the specific facts and circumstances of the instant case. Thus, we are constrained to vacate the trial court's order, and remand for application of the Section 5328(a) best interest factors and further proceedings, if necessary.

Order vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

J-A05031-16

Judgment Entered.

_Joseph D. Seletyn_ (signature)

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/21/2016