J-A01001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| MTGLQ INVESTORS, L.P. | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICIA A. MCCARTHY | : | No. 873 EDA 2019 |

Appeal from the Order Entered February 1, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  160403381

BEFORE:   NICHOLS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                         **FILED MAY 11, 2020**

Appellant MTGLQ Investors, L.P., appeals from the order granting in part and denying in part its exceptions to the proposed schedule of distribution following the sheriff's sale of real property.  We vacate and remand for further proceedings consistent with this memorandum.

The parties are familiar with the factual and procedural history.  We briefly state from the record that Appellant's predecessor, Federal National Mortgage Association (Fannie Mae), commenced a mortgage foreclosure action against Patricia A. McCarthy (Appellee) on April 28, 2016.  On August 11, 2017, upon Fannie Mae's praecipe, a default judgment was entered against McCarthy in the amount of $57,303.22.  The real property at issue

_____

[*] Retired Senior Judge assigned to the Superior Court.

was sold at a sheriff's sale on November 6, 2018 for $110,000. The Philadelphia Sheriff filed a proposed schedule of distribution on November 9, 2018. According to the proposed schedule of distribution, Appellant was set to receive $57,303.22, other creditors and costs would be paid, and $38,398.30 in unused proceeds would be left over.

Appellant timely filed exceptions to the proposed schedule of distribution pursuant to Pa.R.C.P. 3136(d) on November 16, 2018, seeking a total of $80,073.74 from the proceeds of the sheriff's sale. Appellant also filed a supplemental brief in support of its exceptions and supplemental exhibits to its exceptions on January 30, 2019.

The trial court held a hearing on January 31, 2019, where only counsel for Appellant appeared. N.T., 1/31/19, at 2. Appellant advised the trial court that it had received $57,303.22 from the sheriff in accordance with the proposed schedule of distribution. N.T. at 3-4; Appellant's Suppl. Br. in Supp. of Exceptions, 1/30/19, at 2 (unpaginated). Appellant argued that it was still entitled to an additional $22,712.85. N.T. at 4-5; Appellant's Suppl. Br. in Supp. of Exceptions at 2 (unpaginated). Appellant rested on the documents it had previously filed as exhibits to its exceptions, and the trial court took the exceptions under advisement. N.T. at 4-6.

On February 1, 2019,[1] the trial court granted and denied Appellant's exceptions in part, and awarded Appellant $2,345.20. The trial court's order did not indicate the basis for its decision.

Appellant timely appealed on February 21, 2019. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellee has not participated in this appeal.

Appellant raises two issues for our review:

1. Did the trial court err as a matter of law and abuse its discretion by denying MTGLQ its full requested relief as Pennsylvania law and the mortgage contract entitle MTGLQ to recover all of the amounts requested?

2. Did the trial court abuse its discretion by denying MTGLQ's request to disburse $22,770.52 in surplus proceeds while awarding an arbitrary amount where the Exceptions were unopposed, and MTGLQ's expenditures, to the penny, were substantiated by one hundred seventy-five (175) pages of evidence?

Appellant's Brief at 3.

In both of its issues, Appellant argues that the trial court erred in granting in part and denying in part its exceptions to the proposed schedule of distribution. Appellant claims that under the terms of the mortgage and applicable law, it was entitled to the full amount sought in its exceptions. *Id.* at 24-27. Appellant further argues that because the trial court did not explain

---

[1] The order is dated January 31, 2019, but was docketed on February 1, 2019.

how it calculated its award, this Court must find the trial court erred, misapplied the law, and abused its discretion. ***Id.*** at 32-33.

We begin by noting that that an order sustaining or dismissing exceptions to a sheriff's schedule of distribution "is a final order and is, therefore, appealable." ***Mid-State Bank & Tr. Co. v. Globalnet Int'l, Inc.***, 710 A.2d 1187, 1190 (Pa. Super. 1998).

> Where exceptions to the distribution of proceeds of a foreclosure sale are filed, a court will hear and determine them according to law and equity. ***Extraco Mortg. v. Williams***, 805 A.2d 543 (Pa. Super. 2002). Our standard of review with respect to the action of a chancellor in equity is limited. We will reverse only where the trial court was "palpably erroneous, misapplied the law or committed a manifest abuse of discretion." ***Thermo–Guard Inc. v. Cochran***, 596 A.2d 188, 193 (Pa. Super. 1991). Where there are any reasonable grounds for the trial court's decision, we must affirm it. ***Id.***

***State St. Bank v. Petrey***, 819 A.2d 581, 584 (Pa. Super. 2003) (footnote omitted). A trial court's failure to make findings of fact may result in remand because an appellate court cannot determine whether, for example, an abuse of discretion occurred. ***Delbaugh v. Delbaugh***, 487 A.2d 417, 419 (Pa. Super. 1985) ("We, as an appellate court, are not in a position to make findings of fact . . . . Without some indication of the reasons for the award or the weight given the various pieces of evidence, we cannot determine whether the [trial] court committed an abuse of discretion."). Similarly, the "[a]dmission of evidence is within the sound discretion of the trial court and a trial court's rulings on the admission of evidence will not be overturned absent an abuse of discretion or misapplication of law." ***Maisano v. Avery***, 204 A.3d

- 4 -

515, 523 (Pa. Super. 2019) (citation omitted), *appeal denied*, 217 A.3d 210

(Pa. 2019).

> Instantly, the trial court concluded that
>
> There is no law to support the contention that exceptions to the sheriff's proposed schedule of distribution must be granted by the [c]ourt simply because they are unopposed. Similarly, there is no law to support the claim that th[e c]ourt should order the release of funds to Appellant simply because there are "sufficient funds." . . . Th[e c]ourt ordered the distribution of funds to the Appellant in the amount that is justified by evidence.

Trial Ct. Op. at 4. The trial court further stated:

> based on the documents submitted by Appellant, the [c]ourt determined that Appellant had only justified the legitimacy of $2,345.20 in costs. The Sheriff distributed $57,303.22 to Appellant, representing the balance due on the mortgage and the Sheriff's costs. Appellant's Exceptions to the Proposed Schedule of Distribution additionally requested $10,031.81 in interest, $5,523.00 in escrow, $11,187.87 for "corporate advance", and $82.84 in late charges. Appellant submitted 181 pages of documents, most of which were unauthenticated and not supported by receipts or affidavits.

*Id.* at 3-4.[2] The trial court, however, did not indicate which of the documents

it considered. Likewise, the trial court did not explain how it arrived at the

figure of $2,345.20 it awarded to Appellant.

---

[2] We note that Appellee did not appear. Under Pa.R.E. 103, a "party may claim error in a ruling to admit or exclude evidence only [if a party] makes a timely objection, motion to strike, or motion *in limine*." Pa.R.E. 103. Because Appellee failed to appear, Appellee did not preserve any claim of error regarding the authenticity of the evidence. Courts, generally, should not act as counsel for the parties.

We agree that simply because Appellant's exceptions were unopposed is not a basis to grant them. However, absent further findings of fact or more detailed rulings regarding the documents submitted by Appellant, we are unable to find a reasoned basis for the trial court's award. ***See Delbaugh***, 487 A.2d at 419. Accordingly, we vacate the trial court's order and remand this matter to the trial court. On remand, the trial court shall make findings of fact sufficient to determine whether Appellant established it was entitled to additional funds it sought from the sheriff's sale.

Order vacated. Case remanded. Jurisdiction relinquished.

Judge Colins joins the memorandum.

Judge Murray files a concurring statement in which Judge Colins joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/20